**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Plaintiff**
**American Steamship Owners Mutual**
**Protection and Indemnity Association, Inc.**
**225 West 34th Street, Suite 402**
**New York, New York 10122**
**Telephone:   (646) 328-0120**
**Facsimile:    (646) 328-0121**
**William R. Bennett, III  (WB 1383)**
**wbennett@bgmplaw.com**



JUDGE BAER

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION and INDEMNITY ASSOCIATION, INC **07 CIV 6358**

        Plaintiff,

    - against -                        **VERIFIED COMPLAINT**

LAND-OIL TRADING (PTE) LTD. and BONVOY
SHIPPING, S.A.,

        Defendant.
----------------------------------------------------------------------X

Plaintiff, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION and INDEMNITY ASSOCITION, INC., by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendants herein, alleges upon information and belief as follows:

1.     This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     At all times hereinafter mentioned, Plaintiff, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (hereinafter "The American Club"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the States of the United States, with an office and principal place of

business outside in New York, and was engaged in the business of a Mutual Protection and Indemnity Club

3.     At all times hereinafter mentioned, defendant LAND-OIL TRADING (PTE), LTD. was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of Singapore, with an office and principal place of business in The Republic of Singapore.

4.     At all times hereinafter mentioned, defendant BONVOY SHIPPING S.A. was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of Singapore, with an office and principal place of business in The Republic of Singapore.

5.     In 2004, 2005, and 2006 defendants entered their vessels in The American Club. Copies of the relevant Certificates of Entry are attached hereto as Exhibit A.

6.     By entering their vessels in The American Club, defendants became members of The American Club, and were subject to The American Club's By-Laws and Rules. A copy of the relevant By-Laws and Rules for 2004, 2005, and 2006 are attached hereto as Exhibit B.

7.     Under the terms and conditions of The American Club's By-Laws and Rules, Land-Oil and Bonvoy were responsible for the payment of release calls, *i.e.*, insurance premiums. Copies of the relevant invoices are attached hereto as Exhibit C. Land-Oil and Bonvoy failed to pay said premiums and, accordingly, breached the terms of The American Club's By-Laws and Rules. As a result, The American Club suffered damages of $64,815.69.

## JURISDICTION

8.      Pursuant to the terms and conditions of The American Club's By-Laws and Rules, all disputes between the parties are to be filed in the United States District Court for the Southern District of New York.

## REQUESTED RELIEF

9.      The American Club seeks issuance of process of maritime attachment so that it may obtain security up to the amount of $64,815.69 for its claims.

10.     The defendants cannot be found within this district, but is believed to have assets within this district consisting of cash, funds, freight, hire, credits in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank and other New York City banks and financial institutions.

**WHEREFORE,** plaintiff prays:

1.      That judgment in the sum of $64,815.69 be entered in favor of American Steamship Owners Mutual Protection and Indemnity association, Inc. and against Land-Oil Trading (PTE) and Bonvoy Shipping, S.A., together with interests and costs from the date of the defendants' failure to pay premiums;

2.      That process of maritime attachment and garnishment be issued and levied against cash, funds, and credits of defendant, in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank or any other bank located in New York, New York, in the sum of $64,815.69, and that process in due form of law according to the practice of this Honorable

Court in cases of Admiralty and Maritime jurisdiction may issue against the defendants, citing it to appear and answer under oath all and singular the matters aforesaid.

    3.    That pursuant to Rule B of the Special Admiralty Rules of the Federal Rules of Civil Procedure the assets of defendants be seized; and,

    4.    That the plaintiff be granted such other, further, and different relief as in law and justice it may be entitled to receive.

Dated: July 11, 2007
      New York, New York

                    Bennett, Giuliano, McDonnell & Perrone, LLP
                    Attorneys for Plaintiff
                    American Steamship Owners Mutual Protection
                    and Indemnity Association, Inc.

                    William R. Bennett, III
                    225 West 34th Street, Suite 402
                    New York, New York 10122
                    Telephone:   (646) 328-0120

# EXHIBIT A



American Steamship Owners Mutual Protection and Indemnity Association, Inc.
60 Broad Street - 37th Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized. Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| BONVOY III | PAN | 1,736 | 20 February, 2004 RENEWAL DATE 20 February, 2005 |

| MEMBER |
|---|
| LAND-OIL TRADING (PTE) LTD. |
| LAND-OIL TRADING (PTE) LTD. (MANAGER) |

| SPECIAL TERMS & CONDITIONS AS ATTACHED |
|---|

IMPORTANT

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4. Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:       01587000

NEW YORK:       15 March, 2004       BY: _____

AUTHORIZED SIGNATURE

1



CERTIFICATE NO.:    01587000

## SPECIAL TERMS & CONDITIONS

| COLLISION | FOUR-FOURTHS COLLISION COVERAGE INCLUDED |
|---|---|
| | Coverage hereunder, pursuant to Rule 2, Section 3, 1, includes four-fourths of those liabilities, costs and expenses set out as insured losses in the Collision Clause of the American Institute Hull Clauses (June 2, 1977), or as provided for by such similar terms as may be contained in the insured vessel's hull policies, and which would have been covered under the said Clauses or hull policies but for their exclusion therefrom, and subject always and in any event to each and every other provision of Rule 2, Section 3 in general. |
| RESTRICTIONS | TRADING WARRANTY |
| | Warranted trading Far East waters not West of India but including entire Maldive Islands, not North or East of Japan and not South of Australia. |
| DEDUCTIBLES | US$2,500 from all crew claims, each accident or occurrence |
| | US$17,500 from all cargo contamination claims, each single voyage |
| | US$10,000 from all other cargo claims, each single voyage |
| | US$10,000 from all collision claims (RDC), each accident or occurrence |
| | US$10,000 from all oil pollution claims each accident or occurrence |
| | US$5,000 from all other claims, each accident or occurrence |



CERTIFICATE NO.:    01587000

## PREMIUM(S)

| VESSEL NAME | RISK NUMBER | GT | RATE (USD per GT per annum) | ADVANCE PREMIUM FOR PERIOD (US Dollar) |
|---|---|---|---|---|
| BONVOY III | 25804 | 1,736 | 29.0883 | 50,497.29 |

3



**American Steamship Owners Mutual Protection and Indemnity Association, Inc.**
60 Broad Street - 37ᵗʰ Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized. Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| BONVOY III | PAN | 1,736 | 20 February, 2005<br>**RENEWAL DATE**<br>20 February, 2006 |

| MEMBER |
|---|
| LAND-OIL TRADING (PTE) LTD. |
| LAND-OIL TRADING (PTE) LTD. (MANAGER) |

| SPECIAL TERMS & CONDITIONS AS ATTACHED |
|---|

**IMPORTANT**

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4. Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:    00204000

NEW YORK:    04 July, 2005    BY:    _____

AUTHORIZED SIGNATURE

1



CERTIFICATE NO.:    00204000

## SPECIAL TERMS & CONDITIONS

| ASSURED/LOSSES PAYABLE | With effect from 30 March 2005 the following is deemed part of the Terms of Entry<br><br>LOSS PAYABLE CLAUSE - "BONVOY III"<br><br>Payment of any recovery the Owner is entitled to make out of the funds of the Association in respect of any liability, costs or expenses incurred by him shall be made to the Owner or to his order unless and until the Association receives notice from SEVEN SEAS OIL TRADING PTE. LTD., Singapore that the Owner is in default under the mortgage in which event all recoveries shall thereafter be paid to SEVEN SEAS OIL TRADING PTE. LTD., Singapore or their order; PROVIDED THAT no liability whatsoever shall attach to the Association, its Managers or their agents for failure to comply with the latter obligation until after the expiry of two clear business days from the receipt of such notice. |
|---|---|
| COLLISION | FOUR-FOURTHS COLLISION COVERAGE INCLUDED<br><br>Coverage hereunder, pursuant to Rule 2, Section 3.2, includes four-fourths of those liabilities, costs and expenses set out as insured losses in the Collision Clause of the American Institute Hull Clauses (June 2, 1977), or as provided for by such similar terms as may be contained in the insured vessel's hull policies, and which would have been covered under the said Clauses or hull policies but for their exclusion therefrom, and subject always and in any event to each and every other provision of Rule 2, Section 3, in general. |
| RESTRICTIONS | TRADING WARRANTY<br><br>Warranted trading Far East waters not West of India but including entire Maldive Islands, not North or East of Japan and not South of Australia. |
| DEDUCTIBLES | US$2,500 from all crew claims, each accident or occurrence<br><br>US$17,500 from all cargo contamination claims, each single voyage<br><br>US$10,000 from all other cargo claims, each single voyage<br><br>US$10,000 from all collision claims (RDC), each accident or occurrence<br><br>US$10,000 from all oil pollution claims each accident or occurrence |

2

CERTIFICATE NO.:    00204000

| | |
|---|---|
| | US$5,000 from all other claims, each accident or occurrence |



CERTIFICATE NO.:    00204000

## PREMIUM(S)

| VESSEL NAME | RISK NUMBER | GT | RATE (USD per GT per annum) | ADVANCE PREMIUM FOR PERIOD (US Dollar) |
|---|---|---|---|---|
| BONVOY III | 34386 | 1,736 | 31.9971 | 55,546.97 |

4



CERTIFICATE NO.:   00204000



**American Steamship Owners Mutual Protection and Indemnity Association, Inc.**
60 Broad Street - 37ᵗʰ Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

# ENDORSEMENT

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | POLICY YEAR |
|---|---|---|---|
| BONVOY III | PAN | 1,736 | 2005 |
| **MEMBER** | | | |
| LAND-OIL TRADING (PTE) LTD. | | | |

IT IS HEREBY UNDERSTOOD AND AGREED THAT AS FROM 30 MARCH 2005 THE FOLLOWING IS DEEMED PART OF THE TERMS OF ENTRY

LOSS PAYABLE CLAUSE - "BONVOY III"

PAYMENT OF ANY RECOVERY THE OWNER IS ENTITLED TO MAKE OUT OF THE FUNDS OF THE ASSOCIATION IN RESPECT OF ANY LIABILITY, COSTS OR EXPENSES INCURRED BY HIM SHALL BE MADE TO THE OWNER OR TO HIS ORDER UNLESS AND UNTIL THE ASSOCIATION RECEIVES NOTICE FROM SEVEN SEAS OIL TRADING PTE. LTD., SINGAPORE THAT THE OWNER IS IN DEFAULT UNDER THE MORTGAGE IN WHICH EVENT ALL RECOVERIES SHALL THEREAFTER BE PAID TO SEVEN SEAS OIL TRADING PTE. LTD., SINGAPORE OR THEIR ORDER; PROVIDED THAT NO LIABILITY WHATSOEVER SHALL ATTACH TO THE ASSOCIATION, ITS MANAGERS OR THEIR AGENTS FOR FAILURE TO COMPLY WITH THE LATTER OBLIGATION UNTIL AFTER THE EXPIRY OF TWO CLEAR BUSINESS DAYS FROM THE RECEIPT OF SUCH NOTICE.

CERTIFICATE NO.:    00204000

ANY OTHER TERMS, CLAUSES AND CONDITIONS OF COVER EVIDENCED BY THE CERTIFICATE OF ENTRY REMAIN UNCHANGED.

ENDORSEMENT NO:    00204002

NEW YORK:    04 July, 2005

BY: _____

AUTHORIZED SIGNATURE

6



**THE AMERICAN CLUB**

**American Steamship Owners Mutual Protection and Indemnity Association, Inc.**
60 Broad Street - 37th Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized. Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| BONVOY III | PAN | 1,736 | 20 February, 2006<br>**RENEWAL DATE**<br>20 February, 2007 |

**MEMBER**

LAND-OIL TRADING (PTE) LTD.
LAND-OIL TRADING (PTE) LTD. (MANAGER)

**SPECIAL TERMS & CONDITIONS AS ATTACHED**

### IMPORTANT

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

Unless otherwise stated in the attached Special Terms and Conditions, the cover evidenced by this Certificate of Entry includes the Association's liability to reimburse the Member for claims in respect of cargo, liability for pollution, liability for the removal of wreck and liability for damage to third-party property (dock damage) as defined in the By-Laws and Rules of the Association and any Special Terms and Conditions appended to this Certificate of Entry.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4. Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:    00986000

NEW YORK:    27 February, 2006    BY: _____

AUTHORIZED SIGNATURE

1



CERTIFICATE NO.:    00986000

## SPECIAL TERMS & CONDITIONS

| DISCLOSURE | DUTY TO NOTIFY CHANGE OF CLASS AND CHANGE OF FLAG |
|---|---|
| | Notwithstanding anything to the contrary contained in the Rules or as may be provided for elsewhere in this Certificate of Entry, it is a condition of this insurance that the Member shall immediately notify the Managers in writing of any change in the Class of the insured vessel(s) and/or of any change of flag of the insured vessel(s) as may be made during the currency of the cover provided hereunder. In the event that: |
| | the Member shall have failed immediately to notify the Managers of such change(s) as aforesaid; or |
| | the Managers shall have notified the Member that they do not approve of the Class and/or flag to which the insured vessel(s) has been changed; |
| | cover hereunder shall be null, void and of no effect as of the date of such change(s), save to the extent that the Managers, in their sole discretion, may otherwise determine. |
| ASSURED/LOSSES PAYABLE | LOSS PAYABLE CLAUSE - "BONVOY III" |
| | Payment of any recovery the Owner is entitled to make out of the funds of the Association in respect of any liability, costs or expenses incurred by him shall be made to the Owner or to his order unless and until the Association receives notice from SEVEN SEAS OIL TRADING PTE. LTD., Singapore that the Owner is in default under the mortgage in which event all recoveries shall thereafter be paid to SEVEN SEAS OIL TRADING PTE. LTD., Singapore or their order; PROVIDED THAT no liability whatsoever shall attach to the Association, its Managers or their agents for failure to comply with the latter obligation until after the expiry of two clear business days from the receipt of such notice. |
| COLLISION | FOUR-FOURTHS COLLISION COVERAGE INCLUDED |
| | Coverage hereunder, pursuant to Rule 2, Section 3.2, includes four-fourths of those liabilities, costs and expenses set out as insured losses in the Collision Clause of the American Institute Hull Clauses (June 2, 1977), or as provided for by such similar terms as may be contained in the insured vessel's hull policies, and which would have been covered under the said Clauses or hull policies but for their exclusion therefrom, and subject always and in any event to each and every other provision of Rule 2, Section 3, in general. |
| RESTRICTIONS | TRADING WARRANTY |
| | Warranted trading Far East waters not West of India but including entire Maldive Islands, not North or East of Japan and not South of Australia. |

2



CERTIFICATE NO.:    00986000

| | |
|---|---|
| DEDUCTIBLES | US$3,000 from all crew claims, each accident or occurrence |
| | US$10,000 from all other cargo claims, each single voyage |
| | US$17,500 from all cargo contamination claims, each single voyage |
| | US$25,000 from all collision claims (RDC), each accident or occurrence |
| | US$11,000 from all oil pollution claims each accident or occurrence |
| | US$5,500 from all other claims, each accident or occurrence |



CERTIFICATE NO.:    00986000

## PREMIUM(S)

| VESSEL NAME | RISK NUMBER | GT | RATE (USD per GT per annum) | ADVANCE PREMIUM FOR PERIOD (US Dollar) |
|---|---|---|---|---|
| BONVOY III | 44998 | 1,736 | 35.3268 | 61,327.32 |

4



CERTIFICATE NO.:    00986000



**American Steamship Owners Mutual Protection and Indemnity Association, Inc.**
**One Battery Park Plaza – 31ˢᵗ Floor,**
**New York, NY 10004, U.S.A.**

Shipowners Claims Bureau, Inc., Manager

# ENDORSEMENT

## Class I – Protection & Indemnity Insurance

| VESSEL(S)<br>BONVOY III | FLAG<br>PAN | GROSS TONNAGE<br>1,736 | POLICY YEAR<br>2006 |
|---|---|---|---|
| MEMBER<br>LAND-OIL TRADING (PTE) LTD. | | | |

TERMINATION - "BONVOY III"

WITH EFFECT FROM 9TH JANUARY 2007, COVER HEREUNDER IS TERMINATED BY REASON OF THE SHIP BEING SOLD.

ANY OTHER TERMS, CLAUSES AND CONDITIONS OF COVER EVIDENCED BY THE CERTIFICATE OF ENTRY REMAIN UNCHANGED.

ENDORSEMENT NO:    00986001

NEW YORK:    23 January, 2007        BY: _____
                                        AUTHORIZED SIGNATURE

5



**American Steamship Owners Mutual Protection and Indemnity Association, Inc.**
60 Broad Street - 37th Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized. Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| BONVOY VII | PAN | 2,884 | 20 February, 2004 <br> **RENEWAL DATE** <br> 20 February, 2005 |

**MEMBER**

BONVOY SHIPPING INC.
LAND-OIL TRADING (PTE) LTD. (MANAGER)

**SPECIAL TERMS & CONDITIONS AS ATTACHED**

**IMPORTANT**

This Certificate of Entry is evidence only of the contract of indemnity insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4. Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:    01588000

NEW YORK:    15 March, 2004    BY: _____

AUTHORIZED SIGNATURE



CERTIFICATE NO.:    01588000

## SPECIAL TERMS & CONDITIONS

| COLLISION | FOUR-FOURTHS COLLISION COVERAGE INCLUDED |
|---|---|
| | Coverage hereunder, pursuant to Rule 2, Section 3, 1, includes four-fourths of those liabilities, costs and expenses set out as insured losses in the Collision Clause of the American Institute Hull Clauses (June 2, 1977), or as provided for by such similar terms as may be contained in the insured vessel's hull policies, and which would have been covered under the said Clauses or hull policies but for their exclusion therefrom, and subject always and in any event to each and every other provision of Rule 2, Section 3 in general. |
| RESTRICTIONS | TRADING WARRANTY |
| | Warranted trading Far East waters not West of India but including entire Maldive Islands, not North or East of Japan and not South of Australia. |
| DEDUCTIBLES | US$2,500 from all crew claims, each accident or occurrence |
| | US$17,500 from all cargo contamination claims, each single voyage |
| | US$10,000 from all other cargo claims, each single voyage |
| | US$10,000 from all collision claims (RDC), each accident or occurrence |
| | US$10,000 from all oil pollution claims each accident or occurrence |
| | US$5,000 from all other claims, each accident or occurrence |

2



CERTIFICATE NO.:    01588000

## PREMIUM(S)

| VESSEL NAME | RISK NUMBER | GT | RATE (USD per GT per annum) | ADVANCE PREMIUM FOR PERIOD (US Dollar) |
|---|---|---|---|---|
| BONVOY VII | 25805 | 2,884 | 17.7378 | 51,155.82 |

3



**American Steamship Owners Mutual Protection and Indemnity Association, Inc.**
60 Broad Street - 37th Floor,
New York, NY 10004, U.S.A.

Shipowners Claims Bureau, Inc., Manager

# CERTIFICATE OF ENTRY

of the vessel(s) set out herein for account of the Member named hereunder subject to the By-Laws and Rules of the Association from time to time in force and to any special terms and conditions endorsed hereon and/or as may from time to time be circularized. Unless indicated to the contrary herein, the cover evidenced by this Certificate of Entry commences at noon GMT on the date specified below and continues until cover ceases or is terminated in accordance with the said By-Laws and Rules.

## Class I – Protection & Indemnity Insurance

| VESSEL(S) | FLAG | GROSS TONNAGE | COVER TO COMMENCE |
|---|---|---|---|
| BONVOY VII | PAN | 2,884 | 20 February, 2005 **RENEWAL DATE** 20 February, 2006 |

**MEMBER**

BONVOY SHIPPING INC.
LAND-OIL TRADING (PTE) LTD. (MANAGER)

**SPECIAL TERMS & CONDITIONS AS ATTACHED**

**IMPORTANT**

This Certificate of Entry is evidence only of the contract of Indemnity Insurance between the above-named Member and the Association and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of the Association to any other party.

If a Member tenders this Certificate as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this Certificate by the Member is not to be taken as any indication that the Association thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. The Association does not so consent.

The Member named in this Certificate of Entry is liable to pay Mutual Premium as provided for in Rule 4. Furthermore, the Member may become liable under the said Rule 4 to pay Overspill Calls to meet the Association's proportion of any Overspill Claims up to the limit per vessel as provided for in the said Rule 4.

CERTIFICATE NO.:       00206000

NEW YORK:       15 February, 2005       BY: _____

AUTHORIZED SIGNATURE

1



CERTIFICATE NO.:    00206000

## SPECIAL TERMS & CONDITIONS

| COLLISION | FOUR-FOURTHS COLLISION COVERAGE INCLUDED |
|---|---|
| | Coverage hereunder, pursuant to Rule 2, Section 3.2, includes four-fourths of those liabilities, costs and expenses set out as insured losses in the Collision Clause of the American Institute Hull Clauses (June 2, 1977), or as provided for by such similar terms as may be contained in the insured vessel's hull policies, and which would have been covered under the said Clauses or hull policies but for their exclusion therefrom, and subject always and in any event to each and every other provision of Rule 2, Section 3, in general. |
| RESTRICTIONS | TRADING WARRANTY |
| | Warranted trading Far East waters not West of India but including entire Maldive Islands, not North or East of Japan and not South of Australia. |
| DEDUCTIBLES | US$2,500 from all crew claims, each accident or occurrence |
| | US$17,500 from all cargo contamination claims, each single voyage |
| | US$10,000 from all other cargo claims, each single voyage |
| | US$10,000 from all collision claims (RDC), each accident or occurrence |
| | US$10,000 from all oil pollution claims each accident or occurrence |
| | US$5,000 from all other claims, each accident or occurrence |



CERTIFICATE NO.:     00206000

## PREMIUM(S)

| VESSEL NAME | RISK NUMBER | GT | RATE (USD per GT per annum) | ADVANCE PREMIUM FOR PERIOD (US Dollar) |
|---|---|---|---|---|
| BONVOY VII | 34387 | 2,884 | 19.5116 | 56,271.45 |

3

# EXHIBIT B

07

THE AMERI
BY-LAWS, R
LIST OF CORRESPO



**CLASS I**

## PROTECTION AND INDEMNITY INSURANCE

**RULE 1**

### INTRODUCTORY INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Section 1**

### INTRODUCTORY PROVISIONS

1. Each and every provision of the By-Laws of the Association and these Rules of Class I are applicable to all Protection and Indemnity insurances of the Association. However, without prejudice to the generality of these provisions so far as they apply to this Class I, they shall only apply to Protection and Indemnity insurances contracted under Class III to the extent that they have been expressly incorporated therein.

2. The standard Protection and Indemnity cover afforded by the Association to a Member who has insured his vessel with the Association is set out in Rule 2 below.

3. The cover set out in these Rules may be excluded, limited, modified or otherwise varied by any special terms expressly agreed in writing between a Member and the Managers.

4. The Managers may accept the insurance of vessels on terms which afford cover to a Member against any special or additional risks not set out in Rule 2. The nature and extent of the risks and the terms of such cover shall be as expressly agreed in writing between the Member and the Managers.

5. A Member is only insured against loss, damage, liability or expense incurred by him which arises:

   i. out of events occurring during the period of the policy year when his vessel is insured with the Association;

   ii. in respect of the Member's interest in the insured vessel; and

   iii. in connection with the operation of the insured vessel by or on behalf of the Member.

6. Notwithstanding the terms of Rule 1.1.5 above, a Member may be insured otherwise than in respect of the insured vessel, or otherwise than in connection with the operation of the insured vessel, but only where this has been expressly agreed in writing between the Member and the Managers.

17

## CLASS I

### RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

7   Subject to the provisions of Rule 1.1.8 below, a Member who has insured his vessel with the Association for insurance against any or all of the aforesaid risks is obligated to pay premium to the Association in accordance with Rule 4, such insurance being hereinafter referred to as mutual insurance and premium payable by reason thereof mutual premium.

8   Notwithstanding the provisions of Rule 1.1.7 above, a Member may be insured on special terms to the effect that he is liable to pay fixed premium to the Association, such insurance being hereinafter referred to as fixed insurance, and premium payable by reason thereof fixed premium, but only where this has been expressly agreed in writing between the Member and the Managers.

9   The insurance provided by these Rules is solely for the benefit of a Member, Joint Member, Co-assured, Affiliate or such other parties as set out and defined in Rule 1.3.

10   In these Rules, the words set out in Rule 1.2 below shall have the meaning ascribed to them in the said Rule 1.2.

### Section 2   INTERPRETATION

In these Rules the following words and expressions shall have the following meanings, if not inconsistent with the subject or context thereof:

**Affiliate**   Any person who is insured in accordance with Rule 1.3.12.

**Applicant Member**   In relation to a vessel which is desired or intended to be insured with the Association means an owner, operator or charterer [including a bareboat or demise charterer] of such vessel and any other person by whom or on whose behalf an application has been, is being or is to be made for the insurance of such vessel with the Association whether or not he is or is to be a Member of the Association.

**Association**   American Steamship Owners Mutual Protection and Indemnity Association, Inc.

**Bill of Lading**   A bill of lading or similar document of title.

**By-Laws**   The By-Laws of the Association at the relevant times.

18

## CLASS I

### RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Cargo**   Goods, including anything used or intended to be used to secure goods, which are subject to a contract of carriage to which the Member is party, but excluding containers or other equipment owned or leased by the Member.

**Certificate of Entry**   The document issued by the Managers on behalf of the Association evidencing the contract of insurance between a Member and the Association pursuant to the provisions of Rule 1.4.6 to 9 inclusive.

**Co-assured**   Any person who is insured in accordance with the terms of Rule 1.3.8 to 1.3.11.

**Container**   A container or similar receptacle, including trailer, flat, pallet or tank, as may have been expressly agreed to be such in writing by the Managers.

**Convention Limit**   Has the meaning ascribed to it in Rule 4.15.

**Directors**   The Board of Directors of the Association at the relevant times.

**Effects**   Personal property, documents, navigational or other technical instruments and tools brought on board, or being taken to or from an insured vessel by a seaman or supernumerary but excluding cash, valuables, or any other article which, in the opinion of the Directors, is not an essential requirement for a seaman.

**Endorsement**   A document issued by the Managers on behalf of the Association evidencing any variations or additions to the contract of insurance as contained in a Certificate of Entry of which it forms an integral part.

**Fines**   Fines, penalties and other impositions similar in nature to fines imposed in respect of any insured vessel by any court, tribunal or authority of competent jurisdiction.

**Fixed Premium**   Any premium which is not mutual premium.

**Fleet**   Any two or more vessels insured hereunder having common nominal, or beneficial, ownership, management or control.

**Group Excess Loss Contract**   The excess loss reinsurance contract entered into by the parties to the Pooling Agreement.

19

## CLASS I

### RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Group Reinsurance Limit**
Has the meaning ascribed to it in Rule 4.15.

**Hull Insurance(s) / Hull Policy(ies)**
Insurance in respect of the insured vessel's hull and machinery, increased value and excess liability.

**Insured Vessel**
A vessel which has been insured with the Association.

**In Writing / Written**
Visibly expressed in any mode of permanently representing or reproducing words including telegram, facsimile transmission and other electronic communication.

**Joint Member**
Any person who is insured in accordance with the terms of Rule 1.3.5.

**Managers**
Shipowners Claims Bureau, Inc.

**Member**
An owner, operator or charterer (including a bareboat or demise charterer) of a vessel insured by the Association who according to the By-Laws and these Rules is entitled to membership of the Association, provided that, where the context requires or allows, the term Member shall, in these Rules, include a Joint Member, Co-assured and Affiliate.

**Mutual Premium**
Premium payable by a Member in consideration of the affording by the Association of mutual insurance and subject to the relevant provisions of Rule 4.

**Net Premium**
Has the meanings ascribed to it in Rule 4.7 or Rule 4.11 as the context requires.

**Overspill Call**
Has the meaning ascribed to it in Rule 4.15.

**Overspill Claim**
Has the meaning ascribed to it in Rule 4.15.

**Overspill Claim Date**
Has the meaning ascribed to it in Rule 4.15.

**Passenger**
A person on board an insured vessel by reason of his holding a ticket and making a payment for passage on board the insured vessel.

**Policy Year**
A year from noon GMT on any February 20 to noon GMT on the next following February 20,

20

## CLASS I

### RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Pooling Agreement**
The agreement, to which the Association is a party, between certain protection and indemnity associations dated February 20, 1998 and any addendum to, variation or replacement of, the said agreement, or any other agreement of a similar nature or purpose.

**Premium to Release**
That part of mutual premium capable of being levied and collected under the provisions of Rule 4.8 to 10 inclusive.

**Rules**
These Rules as originally framed or as may from time to time be altered, abrogated or added to and in force at relevant times.

**Seaman**
An employee of a Member falling within the categories of person set out in Rule 2.1.B.

**Supplementary Premium**
That part of mutual premium capable of being levied and collected under the provisions of Rule 4.5 to 7 inclusive.

**Vessel**
Any ship, boat, hydrofoil, hovercraft or other description of vessel (including a lighter, barge or similar vessel howsoever propelled but excluding a fixed platform or fixed rig) used or intended to be used for any purpose whatsoever in navigation or otherwise on, under, over or in water or any part of such vessel or any proportion of the tonnage thereof or any share therein.

Words importing the singular number only shall include the plural number and vice versa.

Words importing the masculine gender only shall include the feminine and neuter genders.

Words importing persons shall include individuals, partnerships, corporations, associations, joint ventures and any other business entities.

**Section 3**   MEMBERS, JOINT MEMBERS, AFFILIATES AND CO-ASSUREDS

Membership

1   Any insurance of a vessel provided to any party falling within the definition of Member in Rule 1.2 above shall give rise to membership in the Association, except where such is expressly excluded by the terms of this Rule 1.3 or where such has been denied through the exercise of a permitted discretion hereunder.

21



CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

2    Any reinsurance by the Association of a vessel insured by another insurer may (at the absolute discretion of the Managers) give rise to the membership in the Association of that other insurer and/or of any party falling within the definition of Member in Rule 1.2 above in relation to that vessel.

3    Membership may be in respect of one or more of the vessels owned, operated, chartered or insured by the Member and shall continue until all of the Member's insurances shall have ceased or been terminated.

4    All insurances shall be governed by the By-Laws and by the Rules of the Association.

5    If any application for insurance of interests in the same vessel is made in the names or on behalf of more than one person, whether jointly or separately interested, then such persons may be treated as Joint Members and the insurance of such vessel as joint insurance, the consequences of which, unless otherwise expressly agreed by the Managers in writing, shall be as set out in Rules 1.3.13 to 18 below.

**Cover for Co-assureds and Affiliates**

6    The Managers may agree, subject to the provisions of this Rule 1.3 and to such other terms as they may in their absolute discretion require, to extend the cover afforded by the Association to a Member to:

i    any person who is affiliated to or associated with that Member [not being a Co-assured or an Affiliate as referred to in Rule 1.3.11), and who shall not be specifically named in the terms of entry; and

ii    any other named co-assured.

7    The cover afforded to a Co-assured in categories (i), (ii) and (iii) below shall extend only to liabilities, losses, costs and expenses arising out of operations and/or activities customarily carried on by, or at the risk and responsibility of, shipowners:

i    any person interested in the operation, management or manning of the insured vessel;

22

CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

ii    the holding company or the beneficial owner of the Member or of any Co-assured falling within category (i) above;

iii    any mortgagee of the insured vessel.

8    Notwithstanding the provisions of Rule 1.4.30 below, the cover afforded to a Co-assured who is a time or voyage charterer of an insured vessel and who is affiliated to or associated with a Member (other than a Co-assured expressly given cover by the Association in accordance with Rule1.3.10) shall extend only to the risks, liabilities, losses, costs and expenses in respect of which that Member has cover, and is limited as follows:

to the lesser of either (a) the sum to which such Member shall be deemed to be entitled to limit his liability under Rule 1.4.30 plus an additional $50,000,000, or (b) $300,000,000; but if his liability is in respect of oil pollution, recovery shall be limited to $100,000,000.

Provided that where a vessel is separately insured for charterers' risks by more than one time charterer with the Association or any other association which participates in the International Group of P&I Clubs' Pooling Agreement and Excess Reinsurance Policies, the aggregate recovery in respect of all claims for oil pollution liability following any one occurrence brought against all time charterers of such insured vessel and/or against the Association and/or against any other association shall be limited to $300,000,000. The liability of the Association in respect of such claims shall be limited to that proportion of $300,000,000 that each claim recoverable from the Association bears to the aggregate of the claims recoverable against the Association and such other associations.

9    The cover afforded to a Co-assured who has entered into a contract with the Member for the provision of services for or by the insured vessel, and any sub-contractor of the Co-assured, shall extend only to liabilities, losses, costs and expenses which are to be borne by the Member under the terms of the contract and which would, if borne by the Member, be recoverable by the Member from the Association, provided that:

23

**CLASS I**

## RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

   i  the contract has been expressly approved by the Managers; and

   ii  the contract provides that each party shall be similarly responsible for any loss or damage to its own (or its sub-contractors') property or loss of life or personal injury to its own (or its sub-contractors') personnel.

10   The cover afforded to all other categories of Co-assureds, other than those referred to in Rules 1.3.7 to 9 inclusive, shall only extend insofar as such Co-assured may be found liable to pay in the first instance for loss or damage which is properly the responsibility of the Member, and nothing herein contained shall be construed as extending cover in respect of any amount which would not have been recoverable from the Association by the Member had the claim in respect of such loss or damage been made and enforced against him.

11   The cover afforded to an Affiliate shall extend only to claims made and enforced through the Affiliate in respect of any liabilities for which the Member has cover and nothing herein contained shall be construed as entitling an Affiliate to recover any amount which would not have been recoverable from the Association by the Member had the claim been made and enforced against the Member.

12   To the extent that the Association has indemnified a Co-assured or an Affiliate in respect of a claim, it shall not be under any further liability and shall not make any further payment to any person whatsoever, including the Member, in respect of that claim or of the loss or damage in respect of which that claim was brought.

### Joint Members, Co-assureds and Affiliates

13   The Managers shall not be bound to issue any Certificate of Entry or Endorsement to more than one Member, delivery of which to whom shall be sufficient delivery to any and all Joint Members and to any and all Co-assureds and Affiliates.

14   Joint Members, Co-assureds and Affiliates insured on any one insurance, or in respect of any fleet as defined in Rule 1.2 above, shall be jointly and severally liable for all sums due to the Association in respect of such insurance or such fleet.

---

**CLASS I**

## RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

15   Any payment by the Association to one Joint Member, Co-assured or Affiliate shall fully discharge the obligations of the Association in respect of such payment.

16   Any communication by the Association to one Joint Member, Co-assured or Affiliate shall be deemed to be communication to all.

17   Any communication from one Joint Member, Co-assured or Affiliate shall be deemed to have been made with the full approval and authority of all.

18   The conduct or omission of one Joint Member, Co-assured or Affiliate which under these Rules would constitute a breach of the contract of insurance, shall be deemed to be the conduct or omission of all Joint Members, Co-assureds and Affiliates.

### Section 4   GENERAL INSURANCE PROVISIONS

#### Application for Insurance

1   Any applicant Member who desires to insure a vessel with the Association shall make application for such insurance in such form or manner as may from time to time be required, or which may otherwise satisfy, the Managers.

2   The particulars given by an applicant Member in any form of application, together with any other particulars or information given to the Managers in the course of applying for insurance, or negotiating changes in its terms, shall, if the insurance of the vessel be accepted, be deemed fundamental to the contract of insurance between the Member and the Association. It shall be a condition precedent of such insurance that all the said particulars and information were true so far as the applicant Member knew or could with reasonable diligence have ascertained.

3   The Managers shall be entitled, as a matter of their absolute discretion and without giving any reason, to refuse any application of a vessel for insurance in the Association whether or not the applicant Member of such vessel is already a Member of the Association.

CLASS I

## RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

The Member shall inform the Managers immediately on completion of the implementation of any recommendations which the Managers shall have made and provide them with such evidence as the Managers deem fit as to the rectification and any deficiencies they shall have identified, provided always however that the Managers shall have the right to carry out re-audits at whatever time and in whatever circumstances they deem appropriate to verify the same.

In the event of any non-compliance with any of the provisions of this Section 4, Sub-Section 42, the Managers shall be empowered in their absolute discretion to:

– terminate the entry of any or all insured vessels entered by the Member from a time and date specified by notice in writing to the Member; or

– determine that there shall be no right to recover from the Association in respect of any liability, cost or expense during a period commencing from the time and date at which the Member ceases to be in compliance, or such other date as is specified in writing, until the Managers are satisfied that compliance has been achieved; or

– exclude cover for claims arising out of or contributed to by such non-compliance; or

– reduce any recovery from the Association to the extent that a claim has been contributed to by such non-compliance; or

– vary the terms and conditions of entry including, but not limited to, the terms of any or all insured vessels' premium rating.

PROVIDED ALWAYS that the Directors shall have power in their absolute discretion to admit in whole or in part any claim which may be excluded by reason of the foregoing. The exercise of their discretion by the Directors shall be final and conclusive for all purposes.

PROVIDED FURTHER that nothing in this Section 4, Sub-Section 42, or any action taken by the Association hereunder shall relieve

---

CLASS I

## RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

the Member of his obligations with regard to those requirements in regard to classification and statutory regulation of the insured vessel as set out in Rule 1, Section 4, Sub-Section 14 of these Rules, or in regard to the maintenance and/or condition of the ship generally.

### Disputes

43   If any difference or dispute shall arise between a Member and the Association concerning the construction of these Rules, or the insurance afforded by the Association under these Rules, or any amount due from the Association to the Member, such difference or dispute shall in the first instance be referred to the Directors. Such reference shall be on written submissions only. No Member shall be entitled to maintain any action, suit or other legal proceedings against the Association upon any such difference or dispute unless and until the same has been referred to the Directors and they shall have:

i    given their decision thereto; or

ii    given notice to the Member that they do not wish to adjudicate upon such difference or dispute; or

iii    been in default for three months in doing either of the above.

Any such suit against the Association shall be brought in the United States District Court for the Southern District of New York. In no event shall suit on any claim be maintainable against the Association unless commenced within two years after the loss, damage or expense resulting from liabilities, risks, events, occurrences and expenditures specified under this Rule shall have been paid by the Member.

44   Provided always that, and without prejudice to the foregoing or the terms of Rule 1.4.46 below, the Association shall be entitled to commence and maintain in any jurisdiction whatsoever any action to recover any amounts which the Association may consider to be due to it from the Member.





CLASS I

## RULE 1  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

### Applicable Law

45  These Rules and any contract of insurance between the Association and a Member shall be governed by and construed in accordance with the law of the State of New York. This provision is not, in any way, to be construed as a waiver of any rights, claims or defenses available to the Association under any other Rule set forth herein, including, but not limited to, Rule 1.4.46.

### Maritime Lien

46  The Association shall have a lien on the insured vessel for all premium and all other sums of whatsoever nature due to it under these Rules or any applicable contract of insurance or otherwise. Such lien shall extend to other insured vessels which are part of a fleet as defined in Rule 1.2 and shall be in addition to, and in no way may be construed as a waiver of, or amendment to, any other contractual or maritime lien which the Association may either expressly or impliedly possess in regard to the said insured vessel or vessels. Such lien shall apply notwithstanding that the cover of the Member in respect of any vessel insured by him with the Association may have ceased or been terminated.

The Federal Maritime Lien Act, as codified at Sections 31341, *et seq.* of Title 46 of the United States Code, shall govern this Rule concerning the creation and enforcement of maritime liens.

Nothing herein shall prejudice or otherwise affect the right of the Association to take action and/or commence proceedings in any jurisdiction to enforce its right of lien on vessels or to otherwise obtain security by seizure, attachment or arrest of assets or to otherwise recover any amounts owed to the Association.

### Delegation

47  Whenever any power, duty or discretion is conferred or imposed upon the Managers by virtue of these Rules, such power, duty or discretion may, subject to any terms, conditions or restrictions contained in these Rules, be exercised by any one or more of the Managers or by any servant or agent of the Managers to whom the same shall have been delegated or sub-delegated.

CLASS I

## RULE 1  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

48  Whenever any power, duty or discretion is stated in these Rules to be vested in the Directors, such power, duty or discretion shall be exercisable by the Directors unless the same shall have been delegated to any Committee of the Directors or to the Managers in accordance with the provisions as regards delegation contained in the By-Laws, in which event the power, duty or discretion may be exercised by any person to whom the same shall have been so delegated.

### Members and Successors Bound by Rules

49  All contracts of insurance effected by the Association shall, save and insofar as they contain any special terms inconsistent herewith, be deemed to incorporate and shall incorporate all the provisions of these Rules. A Member or other person by whom or on whose behalf an application is made for insurance or reinsurance by the Association shall be deemed to have agreed not only on his own behalf but also on behalf of his successors and each of them that both he and they will in every respect be subject to and bound by the provisions of these Rules and by any contract of insurance with the Association.

CLASS I

## RULE 5   CESSER AND TERMINATION OF COVER

**Section 1**

1  Unless otherwise agreed by the Managers in writing, any insurance in respect of a Member's interest in an insured vessel shall cease upon the happening of any of the following events:

a  the Member parting with or assigning his interest in the vessel whether by bill of sale or other formal document or in any other way whatsoever, the Association to allow a pro-rata daily return of premium for the unexpired term of the insurance with respect to said vessel;

b  the vessel becoming an actual total loss, except with respect to the liabilities, costs and expenses resulting directly from the casualty which has given rise to such actual total loss;

c  in the case of an alleged constructive total loss of the vessel, the acceptance by hull underwriters of notice of abandonment, the tendering of which must be immediately notified to the Managers in writing;

d  the vessel being missing for ten days from the date it was last heard from or from its being posted at Lloyd's as missing, whichever shall be the earlier.

e  a Member being in breach of any of the conditions set out in Rule 1.4.14 above and as provided for thereunder;

f  an insured vessel having failed to pass survey in accordance with the provisions of Rule 1.4.39 to 42 inclusive and as provided for thereunder.

2  Should the Member fail to pay, either in whole or in part, any amount due from the Member to the Association (including any amount for which the Member may be jointly and severally liable to the Association), the Managers may give the Member notice in writing requiring the Member to pay such amount by any date specified in such notice, not being less than five days from the date on which such notice is given. In the event that the Member fails to make payment in full on or before the date so specified, the insurance of the Member (whether or not such insurance may already have ceased for any other reason) in respect of any and all vessels insured for account or on behalf of the Member shall be terminated immediately without further notice or other formality.

---

CLASS I

## RULE 5   CESSER AND TERMINATION OF COVER

In the event that a Member's insurance is terminated by reason of the foregoing, the time of the occurrence of which being hereinafter referred to as "the date of termination", the following consequences shall ensue:

a  The Association shall in all cases have power in accordance with Rule 4.8 to 10 inclusive to charge premium to release in regard to any and all vessels insured for account or on behalf of the Member, notwithstanding the payment of which (or the establishment of bank guarantees or other security in lieu thereof), the Member shall be and remain liable for Overspill Calls in accordance with Rule 4.15 as well as for all premiums, calls, contributions and any other amount due from the Member to the Association;

b  The Association shall with effect from the date of termination cease to be liable for any claims of whatsoever nature and howsoever arising under these Rules in respect of any and all vessels in relation to which the insurance of the Member has been terminated, irrespective of whether:

i  such claims have arisen by reason of any event which has occurred at any time prior to the date of the termination, including during previous years;

ii  such claims arise by reason of any event occurring after the date of termination;

iii  the Association may have admitted liability for or appointed attorneys, surveyors or any other person to deal with such claims; or

iv  the Managers at the date of or prior to the date of termination knew that such claims might or would arise;

and as from the date of termination any liability of the Association for such claims shall cease retroactively and the Association shall be under no liability to the Member for any such claims or on any account whatsoever;

PROVIDED ALWAYS that:

The Managers may in their absolute discretion and upon such terms as it thinks fit, including but not limited to terms as to payment

# RULES

American Steamship Owners Mutual Protection and Indemnity Association, Inc.

TABLE OF CONTENTS                                                                PAGE

CLASS II    FREIGHT, DEMURRAGE AND DEFENSE INSURANCE

| | | PAGE |
|---|---|---|
| RULE 1 | INTRODUCTORY: INTERPRETATION; MEMBERSHIP: GENERAL PROVISIONS | 87 |
| RULE 2 | COSTS AND EXPENSES COVERED | 92 |
| RULE 3 | COSTS AND EXPENSES EXCLUDED | 94 |
| RULE 4 | THE FUNDING OF COVER | 95 |
| RULE 5 | CESSER AND TERMINATION OF COVER | 96 |

CLASS I

## RULE 5    CESSER AND TERMINATION OF COVER

of contributions, premiums or other sums, admit either in whole or in part any claim in respect of a vessel insured by the Member for which the Association is under no liability by virtue of this Rule, whether such claim has arisen before or arises after the date of termination as the case may be, or forgive wholly or partly any payment of contribution, premiums or other sums due to the Association.

3   Should the Member or any affiliated company become insolvent or bankrupt or assign its property for the benefit of creditors or suffer the appointment of a receiver for its property or any part thereof or the institution of dissolution proceedings by or against it, the Association shall not be liable for any claims whatsoever under this insurance unless, within sixty days from the date of the occurrence of such insolvency, bankruptcy, assignment, receivership or dissolution proceedings, there are paid to the Association by or on behalf of the Member all premiums and/or assessments due, and the payment of any premiums to become due and all possible assessments is unconditionally guaranteed by a responsible surety, and unless the Member shall have paid the loss, damage or expense for which it is claiming out of monies belonging to it absolutely and not by way of loan or otherwise.

4   In the event that Sections 182 to 189, both inclusive, of U.S. Code, Title 46, or any other existing law or laws determining or limiting liability of shipowners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of shipowners or carriers be increased in any respect by legislative enactment, the Association shall have the right to cancel said insurance upon giving thirty days written notice of its intention so to do, and in the event of such cancellation, make a return of premium upon a prorata daily basis.

5   Any contract of insurance in respect of a Member's interest in an insured vessel may be terminated:

by the Member only as of Noon GMT on February 20th of any year with not less than thirty days' prior written notice to the Association, and

by the Association at any time with not less than thirty days' prior written notice to the Member.



CLASS I

# PROTECTION AND INDEMNITY INSURANCE

RULE 1

## INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

Section 1

### INTRODUCTORY PROVISIONS

1 Each and every provision of the By-Laws of the Association and these Rules of Class I are applicable to all Protection and Indemnity insurances of the Association. However, without prejudice to the generality of these provisions so far as they apply to this Class I, they shall only apply to Protection and Indemnity insurances contracted under Class III to the extent that they have been expressly incorporated therein.

2 The standard Protection and Indemnity cover afforded by the Association to a Member who has insured his vessel with the Association is set out in Rule 2 below.

3 The cover set out in these Rules may be excluded, limited, modified or otherwise varied by any special terms expressly agreed in writing between a Member and the Managers.

4 The Managers may accept the insurance of vessels on terms which afford cover to a Member against any special or additional risks not set out in Rule 2. The nature and extent of the risks and the terms of such cover shall be as expressly agreed in writing between the Member and the Managers.

5 A Member is only insured against loss, damage, liability or expense incurred by him which arises:

i out of events occurring during the period of the policy year when his vessel is insured with the Association; and

ii in respect of the Member's interest in the insured vessel; and

iii in connection with the operation of the insured vessel by or on behalf of the Member.

6 Notwithstanding the terms of Rule 1.1.5 above, a Member may be insured otherwise than in respect of the insured vessel, or otherwise than in connection with the operation of the insured vessel, but only where this has been expressly agreed in writing between the Member and the Managers.

CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP; GENERAL PROVISIONS**

7    Subject to the provisions of Rule 1.1.8 below, a Member who has insured his vessel with the Association for insurance against any or all of the aforesaid risks is obligated to pay premium to the Association in accordance with Rule 4, such insurance being hereinafter referred to as mutual insurance and premium payable by reason thereof mutual premium.

8    Notwithstanding the provisions of Rule 1.1.7 above, a Member may be insured on special terms to the effect that he is liable to pay fixed premium to the Association, such insurance being hereinafter referred to as fixed insurance, and premium payable by reason thereof fixed premium, but only where this has been expressly agreed in writing between the Member and the Managers.

9    The insurance provided by these Rules is solely for the benefit of a Member, Joint Member, Co-assured, Affiliate or such other parties as set out and defined in Rule 1.3.

10    In these Rules, the words set out in Rule 1.2 below shall have the meaning ascribed to them in the said Rule 1.2.

**Section 2    INTERPRETATION**

In these Rules the following words and expressions shall have the following meanings, if not inconsistent with the subject or context thereof

**Affiliate**    Any person who is insured in accordance with Rule 1.3.12.

**Applicant Member**    In relation to a vessel which is desired or intended to be insured with the Association means an owner, operator or charterer (including a bareboat or demise charterer) of such vessel and any other person by whom or on whose behalf an application has been, is being or is to be made for the insurance of such vessel with the Association whether or not he is or is to be a Member of the Association.

**Association**    American Steamship Owners Mutual Protection and Indemnity Association, Inc.

**Bill of Lading**    A bill of lading or similar document of title.

**By-Laws**    The By-Laws of the Association at the relevant times.

16

---

CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP; GENERAL PROVISIONS**

**Cargo**    Goods, including anything used or intended to be used to secure goods, which are subject to a contract of carriage to which the Member is party, but excluding containers or other equipment owned or leased by the Member.

**Certificate of Entry**    The document issued by the Managers on behalf of the Association evidencing the contract of insurance between a Member and the Association pursuant to the provisions of Rule 1.4.6 to 9 inclusive.

**Co-assured**    Any person who is insured in accordance with the terms of Rule 1.3.8 to 1.3.11.

**Container**    A container or similar receptacle, including trailer, flat, pallet or tank, as may have been expressly agreed to be such in writing by the Managers.

**Convention Limit**    Has the meaning ascribed to it in Rule 4.14.

**Directors**    The Board of Directors of the Association at the relevant times.

**Effects**    Personal property, documents, navigational or other technical instruments and tools brought on board, or being taken to or from an insured vessel by a seaman or supernumerary but excluding cash, valuables, or any other article which, in the opinion of the Directors, is not an essential requirement for a seaman.

**Endorsement**    A document issued by the Managers on behalf of the Association evidencing any variations or additions to the contract of insurance as contained in a Certificate of Entry of which it forms an integral part.

**Fines**    Fines, penalties and other impositions similar in nature to fines imposed in respect of any insured vessel by any court, tribunal or authority of competent jurisdiction.

**Fixed Premium**    Any premium which is not mutual premium.

**Fleet**    Any two or more vessels insured hereunder having common nominal, or beneficial, ownership, management or control.

**Group Excess Loss Contract**    The excess loss reinsurance contract entered into by the parties to the Pooling Agreement.

17

| CLASS I | RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS |
|---|---|
| Group Reinsurance Limit | Has the meaning ascribed to it in Rule 4.15. |
| Hull Insurance(s) / Hull Policy(ies) | Insurance in respect of the insured vessel's hull and machinery, increased value and excess liability. |
| Insured Vessel | A vessel which has been insured with the Association. |
| In Writing / Written | Visibly expressed in any mode of permanently representing or reproducing words including telegram, facsimile transmission and other electronic communication. |
| Joint Member | Any person who is insured in accordance with the terms of Rule 1.3.5. |
| Managers | Shipowners Claims Bureau, Inc. |
| Member | An owner, operator or charterer (including a bareboat or demise charterer) of a vessel insured by the Association who according to the By-Laws and these Rules is entitled to membership of the Association, provided that, where the context requires or allows, the term Member shall, in these Rules, include a Joint Member, Co-assured and Affiliate. |
| Mutual Premium | Premium payable by a Member in consideration of the affording by the Association of mutual insurance and subject to the relevant provisions of Rule 4. |
| Net Premium | Has the meanings ascribed to it in Rule 4.7 or Rule 4.11 as the context requires. |
| Overspill Call | Has the meaning ascribed to it in Rule 4.15. |
| Overspill Claim | Has the meaning ascribed to it in Rule 4.15. |
| Overspill Claim Date | Has the meaning ascribed to it in Rule 4.15. |
| Passenger | A person on board an insured vessel by reason of his holding a ticket and making a payment for passage on board the insured vessel. |
| Policy Year | A year from noon GMT on any February 20 to noon GMT on the next following February 20. |

18

| CLASS I | RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS |
|---|---|
| Pooling Agreement | The agreement, to which the Association is a party, between certain protection and indemnity associations dated February 20, 1998 and any addendum to, variation or replacement of, the said agreement, or any other agreement of a similar nature or purpose. |
| Premium to Release | That part of mutual premium capable of being levied and collected under the provisions of Rule 4.8 to 10 inclusive. |
| Rules | These Rules as originally framed or as may from time to time be altered, abrogated or added to and in force at relevant times. |
| Seaman | An employee of a Member falling within the categories of person set out in Rule 2.1.B. |
| Supplementary Premium | That part of mutual premium capable of being levied and collected under the provisions of Rule 4.5 to 7 inclusive. |
| Vessel | Any ship, boat, hydrofoil, hovercraft or other description of vessel (including a lighter, barge or similar vessel howsoever propelled but excluding a fixed platform or fixed rig) used or intended to be used for any purpose whatsoever in navigation or otherwise on, under, over or in water or any part of such vessel or any proportion of the tonnage thereof or any share therein. |

Words importing the singular number only shall include the plural number and vice versa.

Words importing the masculine gender only shall include the feminine and neuter genders.

Words importing persons shall include individuals, partnerships, corporations, associations, joint ventures and any other business entities.

Section 3   **MEMBERS, JOINT MEMBERS, AFFILIATES AND CO-ASSUREDS**

Membership

1   Any insurance of a vessel provided to any party falling within the definition of Member in Rule 1.2 above shall give rise to membership in the Association, except where such is expressly excluded by the terms of this Rule 1.3 or where such has been denied through the exercise of a permitted discretion hereunder.

19

**CLASS 1**

### RULE 1  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

2  Any reinsurance by the Association of a vessel insured by another insurer may [at the absolute discretion of the Managers] give rise to the membership in the Association of that other insurer and/or of any party falling within the definition of Member in Rule 1.2 above in relation to that vessel.

3  Membership may be in respect of one or more of the vessels owned, operated, chartered or insured by the Member and shall continue until all of the Member's insurances shall have ceased or been terminated.

4  All insurances shall be governed by the By-Laws and by the Rules of the Association.

5  If any application for insurance of interests in the same vessel is made in the names or on behalf of more than one person, whether jointly or separately interested, then such persons may be treated as Joint Members and the insurance of such vessel as joint insurance, the consequences of which, unless otherwise expressly agreed by the Managers in writing, shall be as set out in Rules 1.3.13 to 18 below.

**Cover for Co-assureds and Affiliates**

6  The Managers may agree, subject to the provisions of this Rule 1.3 and to such other terms as they may in their absolute discretion require, to extend the cover afforded by the Association to a Member to:

i  any person who is affiliated to or associated with that Member (not being a Co-assured or an Affiliate as referred to in Rule 1.3.11), and who shall not be specifically named in the terms of entry; and

ii  any other named co-assured.

7  The cover afforded to a Co-assured in categories (i), (ii) and (iii) below shall extend only to liabilities, losses, costs and expenses arising out of operations and/or activities customarily carried on by, or at the risk and responsibility of, shipowners:

i  any person interested in the operation, management or manning of the insured vessel;

**CLASS 1**

### RULE 1  INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

ii  the holding company or the beneficial owner of the Member or of any Co-assured falling within category (i) above;

iii  any mortgagee of the insured vessel.

8  Notwithstanding the provisions of Rule 1.4.30 below, the cover afforded to a Co-assured who is a time or voyage charterer of an insured vessel and who is affiliated to or associated with a Member (other than a Co-assured expressly given cover by the Association in accordance with Rule1.3.10) shall extend only to the risks, liabilities, losses, costs and expenses in respect of which that Member has cover, and is limited as follows:

to the lesser of either (a) the sum to which such Member shall be deemed to be entitled to limit his liability under Rule 1.4.30 plus an additional $50,000,000, or (b) $300,000,000; but if his liability is in respect of oil pollution, recovery shall be limited to $100,000,000.

Provided that where a vessel is separately insured for charterers' risks by more than one time charterer with the Association or any other association which participates in the International Group of P&I Clubs' Pooling Agreement and Excess Reinsurance Policies, the aggregate recovery in respect of all claims for oil pollution liability following any one occurrence brought against all time charterers of such insured vessel and/or against the Association and/or against any other association shall be limited to $300,000,000. The liability of the Association in respect of such claims shall be limited to that proportion of $300,000,000 that each claim recoverable from the Association bears to the aggregate of the claims recoverable against the Association and such other associations.

9  The cover afforded to a Co-assured who has entered into a contract with the Member for the provision of services for or by the insured vessel, and any sub-contractor of the Co-assured, shall extend only to liabilities, losses, costs and expenses which are to be borne by the Member under the terms of the contract and which would, if borne by the Member, be recoverable by the Member from the Association, provided that:

## CLASS I

## RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

i   the contract has been expressly approved by the Managers; and

ii   the contract provides that each party shall be similarly responsible for any loss or damage to its own (or its sub-contractors') property or loss of life or personal injury to its own (or its sub-contractors') personnel.

10   The cover afforded to all other categories of Co-assureds, other than those referred to in Rules 1.3.7 to 9 inclusive, shall only extend insofar as such Co-assured may be found liable to pay in the first instance for loss or damage which is properly the responsibility of the Member, and nothing herein contained shall be construed as extending cover in respect of any amount which would not have been recoverable from the Association by the Member had the claim in respect of such loss or damage been made and enforced against him.

11   The cover afforded to an Affiliate shall extend only to claims made and enforced through the Affiliate in respect of any liabilities for which the Member has cover and nothing herein contained shall be construed as entitling an Affiliate to recover any amount which would not have been recoverable from the Association by the Member had the claim been made and enforced against the Member.

12   To the extent that the Association has indemnified a Co-assured or an Affiliate in respect of a claim, it shall not be under any further liability and shall not make any further payment to any person whatsoever, including the Member, in respect of that claim or of the loss or damage in respect of which that claim was brought.

### Joint Members, Co-assureds and Affiliates

13   The Managers shall not be bound to issue any Certificate of Entry or Endorsement to more than one Member, delivery of which to whom shall be sufficient delivery to any and all Joint Members and to any and all Co-assureds and Affiliates.

14   Joint Members, Co-assureds and Affiliates insured on any one insurance, or in respect of any fleet as defined in Rule 1.2 above, shall be jointly and severally liable for all sums due to the Association in respect of such insurance or such fleet.

## CLASS I

## RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

15   Any payment by the Association to one Joint Member, Co-assured or Affiliate shall fully discharge the obligations of the Association in respect of such payment.

16   Any communication by the Association to one Joint Member, Co-assured or Affiliate shall be deemed to be communicated to all.

17   Any communication from one Joint Member, Co-assured or Affiliate shall be deemed to have been made with the full approval and authority of all.

18   The conduct or omission of one Joint Member, Co-assured or Affiliate which under these Rules would constitute a breach of the contract of insurance, shall be deemed to be the conduct or omission of all Joint Members, Co-assureds and Affiliates.

## Section 4

## GENERAL INSURANCE PROVISIONS

### Application for Insurance

1   Any applicant Member who desires to insure a vessel with the Association shall make application for such insurance in such form or manner as may from time to time be required, or which may otherwise satisfy, the Managers.

2   The particulars given by an applicant Member in any form of application, together with any other particulars or information given to the Managers in the course of applying for insurance, or negotiating changes in its terms, shall, if the insurance of the vessel be accepted, be deemed fundamental to the contract of insurance between the Member and the Association. It shall be a condition precedent of such insurance that all the said particulars and information were true so far as the applicant Member knew or could with reasonable diligence have ascertained.

3   The Managers shall be entitled, as a matter of their absolute discretion and without giving any reason, to refuse any application of a vessel for insurance in the Association whether or not the applicant Member of such vessel is already a Member of the Association.

## CLASS I

### RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

vary the terms and conditions of entry including, but not limited to, the terms of any or all insured vessels' premium rating.

PROVIDED ALWAYS that the Directors shall have power in their absolute discretion to admit in whole or in part any claim which may be excluded by reason of the foregoing. The exercise of their discretion by the Directors shall be final and conclusive for all purposes.

PROVIDED FURTHER that nothing in this Section 4, Sub-Section 42, or any action taken by the Association hereunder shall relieve the Member of his obligations with regard to those requirements in regard to classification and statutory regulation of the insured vessel as set out in Rule 1, Section 4, Sub-Section 14 of these Rules, or in regard to the maintenance and/or condition of the ship generally.

#### Disputes

43  If any difference or dispute shall arise between a Member and the Association concerning the construction of these Rules, or the insurance afforded by the Association under these Rules, or any amount due from the Association to the Member, such difference or dispute shall in the first instance be referred to and adjudicated by the Directors. No Member shall be entitled to maintain any action, suit or other legal proceedings against the Association upon any such difference or dispute unless and until the same has been submitted to the Directors and they shall have given their decision thereto, or shall have been in default for three months in so doing. Any such suit against the Association shall be brought in the United States District Court for the Southern District of New York. In no event shall suit on any claim be maintainable against the Association unless commenced within two years after the loss, damage or expense resulting from liabilities, risks, events, occurrences and expenditures specified under this Rule shall have been paid by the Member.

44  Provided always that, and without prejudice to the foregoing or the terms of Rule 1.4.46 below, the Association shall be entitled to commence and maintain in any jurisdiction whatsoever any

## CLASS I

### RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

action to recover any amounts which the Association may consider to be due to it from the Member.

#### Applicable Law

45  These Rules and any contract of insurance between the Association and a Member shall be governed by and construed in accordance with the law of the State of New York. This provision is not, in any way, to be construed as a waiver of any rights, claims or defenses available to the Association under any other Rule set forth herein, including, but not limited to, Rule 1.4.46.

#### Maritime Lien

46  The Association shall have a lien on the insured vessel for all premium and all other sums of whatsoever nature due to it under these Rules or any applicable contract of insurance or otherwise. Such lien shall extend to other insured vessels which are part of a fleet as defined in Rule 1.2 and shall be in addition to, any other contractual or maritime lien which the Association may either expressly or impliedly possess in regard to the said insured vessel or vessels. Such lien shall apply notwithstanding that the cover of the Member in respect of any vessel insured by him with the Association may have ceased or been terminated.

The Federal Maritime Lien Act, as codified at Sections 31341, et seq. of Title 46 of the United States Code, shall govern this Rule concerning the creation and enforcement of maritime liens.

Nothing herein shall prejudice or otherwise affect the right of the Association to take action and/or commence proceedings in any jurisdiction to enforce its right of lien on vessels or to otherwise obtain security by seizure, attachment or arrest of assets or to otherwise recover any amounts owed to the Association.

#### Delegation

47  Whenever any power, duty or discretion is conferred or imposed upon the Managers by virtue of these Rules, such power, duty or discretion may, subject to any terms, conditions or restrictions contained in these Rules, be exercised by any one or more of the

| CLASS I |
| --- |

# RULE 4    ASSOCIATION FUNDING: PREMIUMS AND CALLS

7.3   If such guarantee or other security is not provided by the Member to the Association by the due date, a sum equal to the guarantee amount shall be due and payable by the Member to the Association on the due date, and shall be retained by the Association as a security deposit on such terms as the Association in its discretion may deem to be appropriate in the circumstances.

7.4   The provision of a guarantee amount or other security as required by the Association (including a payment in accordance with 7.3) shall in no way restrict or limit the Member's liability to pay such Overspill Call or Calls as may be levied by the Association in accordance with this Rule.

## Closing of Policy Years

16   Subject always to the provisions of Rule 4.15 above, with effect from such date as the Directors in their absolute discretion may determine after the end of each policy year, but no sooner than thirty-six months from its commencement, they may declare that policy year closed for the purpose of levying mutual premium, after which no further mutual premium or premium to release shall be levied in respect thereof.

17   The Directors may declare any policy year closed for the purpose of levying mutual premium or premium to release notwithstanding that it is known or anticipated that there are in existence, or may in the future arise, legal costs, charges or disbursements recoverable in respect of such policy year which have not yet accrued or the validity, extent or amount of which have yet to be established.

| CLASS I |
| --- |

# RULE 5    CESSER AND TERMINATION OF COVER

## Section 1

1   Unless otherwise agreed by the Managers in writing, any insurance in respect of a Member's interest in an insured vessel shall cease upon the happening of any of the following events:

a   the Member parting with or assigning his interest in the vessel whether by bill of sale or other formal document or in any other way whatsoever, the Association to allow a pro-rata daily return of premium for the unexpired term of the insurance with respect to said vessel;

b   the vessel becoming an actual total loss, except with respect to the liabilities, costs and expenses resulting directly from the casualty which has given rise to such actual total loss;

c   in the case of an alleged constructive total loss of the vessel, the acceptance by hull underwriters of notice of abandonment, the tendering of which must be immediately notified to the Association in writing;

d   the vessel being missing for ten days from the date it was last heard from or from its being posted at Lloyd's as missing, whichever shall be the earlier.

e   a Member being in breach of any of the conditions set out in Rule 1.4.14 above and as provided for thereunder;

f   an insured vessel having failed to pass survey in accordance with the provisions of Rule 1.4.39 to 42 inclusive and as provided for thereunder.

2   Should the Member fail to pay, either in whole or in part, any amount due from the Member to the Association (including any amount for which the Member may be jointly and severally liable to the Association), the Managers may give the Member notice in writing requiring the Member to pay such amount by any date specified in such notice, not being less than five days from the date on which such notice is given. In the event that the Member fails to make payment in full on or before the date so specified, the insurance of the Member (whether or not such insurance may already have ceased for any other reason) in respect of any and all vessels insured for account or on behalf of the Member shall be terminated immediately without further notice or other formality.



CLASS I

## RULE 5    CESSER AND TERMINATION OF COVER

In the event that a Member's insurance is terminated by reason of the foregoing, the time of the occurrence of which being hereinafter referred to as "the date of termination", the following consequences shall ensue:

a  The Association shall in all cases have power in accordance with Rule 4.8 to 10 inclusive to charge premium to release in regard to any and all vessels insured for account or on behalf of the Member, notwithstanding the payment of which (or the establishment of bank guarantees or other security in lieu thereof), the Member shall be and remain liable for Overspill Calls in accordance with Rule 4.15 as well as for all premiums, calls, contributions and any other amount due from the Member to the Association;

b  The Association shall with effect from the date of termination cease to be liable for any claims of whatsoever nature and howsoever arising under these Rules in respect of any and all vessels in relation to which the insurance of the Member has been terminated, irrespective of whether:

i  such claims have arisen by reason of any event which has occurred at any time prior to the date of termination, including during previous years;

ii  such claims arise by reason of any event occurring after the date of termination;

iii  the Association may have admitted liability for or appointed attorneys, surveyors or any other person to deal with such claims; or

iv  the Association at the date of or prior to the date of termination knew that such claims might or would arise;

and as from the date of termination any liability of the Association for such claims shall cease retroactively and the Association shall be under no liability to the Member for any such claims or on any account whatsoever;

PROVIDED ALWAYS that:

The Association may in its absolute discretion and upon such terms as it thinks fit, including but not limited to terms as to payment

CLASS I

## RULE 5    CESSER AND TERMINATION OF COVER

of contributions, premiums or other sums; admit either in whole or in part any claim in respect of a vessel insured by the Member for which the Association is under no liability by virtue of this Rule, whether such claim has arisen before or arises after the date of termination as the case may be, or forgive wholly or partly any payment of contribution, premiums or other sums due to the Association.

3  Should the Member or any affiliated company become insolvent or bankrupt or assign its property for the benefit of creditors or suffer the appointment of a receiver for its property or any part thereof or the institution of dissolution proceedings by or against it, the Association shall not be liable for any claims whatsoever under this insurance unless, within sixty days from the date of the occurrence of such insolvency, bankruptcy, assignment, receivership or dissolution proceeding, there are paid to the Association by or on behalf of the Member all premiums and/or assessments due, and the payment of any premiums to become due and all possible assessments is unconditionally guaranteed by a responsible surety, and unless the Member shall have paid the loss, damage or expense for which it is claiming out of monies belonging to it absolutely and not by way of loan or otherwise.

4  In the event that Sections 182 to 189, both inclusive, of U.S. Code, Title 46, or any other existing law or laws determining or limiting liability of shipowners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of shipowners or carriers be increased in any respect by legislative enactment, the Association shall have the right to cancel said insurance upon giving thirty days written notice of its intention so to do, and in the event of such cancellation, make a return of premium upon a prorata daily basis.

5  Any contract of insurance in respect of a Member's interest in an insured vessel may be terminated:

by the Member only as of Noon GMT on February 20th of any year with not less than thirty days' prior written notice to the Association; and

by the Association at any time with not less than thirty days' prior written notice to the Member.



2004/05

THE AMERICAN CLUB
BY-LAWS, RULES &
LIST OF CORRESPONDENTS

THE AMERICAN CLUB

**CLASS I**

**RULE 1**

# PROTECTION AND INDEMNITY INSURANCE

## INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Section 1**

### INTRODUCTORY PROVISIONS

1  Each and every provision of the By-Laws of the Association and these Rules of Class I are applicable to all Protection and Indemnity insurances of the Association. However, without prejudice to the generality of these provisions so far as they apply to this Class I, they shall only apply to Protection and Indemnity insurances contracted under Class III to the extent that they have been expressly incorporated therein.

2  The standard Protection and Indemnity cover afforded by the Association to a Member who has insured his vessel with the Association is set out in Rule 2 below.

3  The cover set out in these Rules may be excluded, limited, modified or otherwise varied by any special terms expressly agreed in writing between a Member and the Managers.

4  The Managers may accept the insurance of vessels on terms which afford cover to a Member against any special or additional risks not set out in Rule 2. The nature and extent of the risks and the terms of such cover shall be as expressly agreed in writing between the Member and the Managers.

5  A Member is only insured against loss, damage, liability or expense incurred by him which arises:

   i   out of events occurring during the period of the policy year when his vessel is insured with the Association; and

   ii  in respect of the Member's interest in the insured vessel; and

   iii in connection with the operation of the insured vessel by or on behalf of the Member.

6  Notwithstanding the terms of Rule 1.1.5 above, a Member may be insured otherwise than in respect of the insured vessel, or otherwise than in connection with the operation of the insured vessel, but only where this has been expressly agreed in writing between the Member and the Managers.

15

## RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

7   Subject to the provisions of Rule 1.1.8 below, a Member who has insured his vessel with the Association for insurance against any or all of the aforesaid risks is obligated to pay premium to the Association in accordance with Rule 4, such insurance being hereinafter referred to as mutual insurance and premium payable by reason thereof mutual premium.

8   Notwithstanding the provisions of Rule 1.1.7 above, a Member may be insured on special terms to the effect that he is liable to pay fixed premium to the Association, such insurance being hereinafter referred to as fixed insurance, and premium payable by reason thereof fixed premium, but only where this has been expressly agreed in writing between the Member and the Managers.

9   The insurance provided by these Rules is solely for the benefit of a Member, Joint Member, Co-assured, Affiliate or such other parties as set out and defined in Rule 1.3.

10  In these Rules, the words set out in Rule 1.2 below shall have the meaning ascribed to them in the said Rule 1.2.

### Section 2    INTERPRETATION

In these Rules the following words and expressions shall have the following meanings, if not inconsistent with the subject or context thereof:

**Affiliate** — Any person who is insured in accordance with Rule 1.3.12.

**Applicant Member** — In relation to a vessel which is desired or intended to be insured with the Association means an owner, operator or charterer (including a bareboat or demise charterer) of such vessel and any other person by whom or on whose behalf an application has been, is being or is to be made for the insurance of such vessel with the Association whether or not he is or is to be a Member of the Association.

**Association** — American Steamship Owners Mutual Protection and Indemnity Association, Inc.

**Bill of Lading** — A bill of lading or similar document of title.

**By-Laws** — The By-Laws of the Association at the relevant times.

16

---

## RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

**Cargo** — Goods, including anything used or intended to be used to secure goods, which are subject to a contract of carriage to which the Member is party, but excluding containers or other equipment owned or leased by the Member.

**Certificate of Entry** — The document issued by the Managers on behalf of the Association evidencing the contract of insurance between a Member and the Association pursuant to the provisions of Rule 1.4.0 to 9 inclusive.

**Co-assured** — Any person who is insured in accordance with the terms of Rule 1.3.8 to 1.3.11.

**Container** — A container or similar receptacle, including trailer, flat, pallet or tank, as may have been expressly agreed to be such in writing by the Managers.

**Convention Limit** — Has the meaning ascribed to it in Rule 4.14.

**Directors** — The Board of Directors of the Association at the relevant times.

**Effects** — Personal property, documents, navigational or other technical instruments and tools brought on board, or being taken to or from an insured vessel by a seaman or supernumerary but excluding cash, valuables, or any other article which, in the opinion of the Directors, is not an essential requirement for a seaman.

**Endorsement** — A document issued by the Managers on behalf of the Association evidencing any variations or additions to the contract of insurance as contained in a Certificate of Entry of which it forms an integral part.

**Fines** — Fines, penalties and other impositions similar in nature to fines imposed in respect of any insured vessel by any court, tribunal or authority of competent jurisdiction.

**Fixed Premium** — Any premium which is not mutual premium.

**Fleet** — Any two or more vessels insured hereunder having common nominal, or beneficial, ownership, management or control.

**Group Excess Loss Contract** — The excess loss reinsurance contract entered into by the parties to the Pooling Agreement.

17

**CLASS I**

**RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

**Group Reinsurance Limit**
Has the meaning ascribed to it in Rule 4.14.

**Hull Insurance(s) / Hull Policy(ies)**
Insurance in respect of the insured vessel's hull and machinery, increased value and excess liability.

**Insured Vessel**
A vessel which has been insured with the Association.

**In Writing / Written**
Visibly expressed in any mode of permanently representing or reproducing words including telegram, facsimile transmission and other electronic communication.

**Joint Member**
Any person who is insured in accordance with the terms of Rule 1.3.5.

**Managers**
Shipowners Claims Bureau, Inc.

**Member**
An owner, operator or charterer (including a bareboat or demise charterer) of a vessel Insured by the Association who according to the By-Laws and these Rules is entitled to membership of the Association, provided that, where the context requires or allows, the term Member shall, in these Rules, include a Joint Member, Co-assured and Affiliate.

**Mutual Premium**
Premium payable by a Member in consideration of the affording by the Association of mutual insurance and subject to the relevant provisions of Rule 4.

**Net Premium**
Has the meanings ascribed to it in Rule 4.6 or Rule 4.10 as the context requires.

**Overspill Call**
Has the meaning ascribed to it in Rule 4.14.

**Overspill Claim**
Has the meaning ascribed to it in Rule 4.14.

**Overspill Claim Date**
Has the meaning ascribed to it in Rule 4.14.

**Passenger**
A person on board an insured vessel by reason of his holding a ticket and making a payment for passage on board the insured vessel.

**Policy Year**
A year from noon GMT on any February 20 to noon GMT on the next following February 20.

**CLASS I**

**RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

**Pooling Agreement**
The agreement, to which the Association is a party, between certain protection and indemnity associations dated February 20, 1998 and any addendum to, variation or replacement of, the said agreement, or any other agreement of a similar nature or purpose.

**Premium to Release**
That part of mutual premium capable of being levied and collected under the provisions of Rule 4.7 to 9 inclusive.

**Rules**
These Rules as originally framed or as may from time to time be altered, abrogated or added to and in force at relevant times.

**Seaman**
An employee of a Member failing within the categories of person set out in Rule 2.1.B.

**Supplementary Premium**
That part of mutual premium capable of being levied and collected under the provisions of Rule 4.5 and 6.

**Vessel**
Any ship, boat, hydrofoil, hovercraft or other description of vessel (including a lighter, barge or similar vessel howsoever propelled but excluding a fixed platform or fixed rig) used or intended to be used for any purpose whatsoever in navigation or otherwise on, under, over or in water or any part of such vessel or any proportion of the tonnage thereof or any share therein.

Words importing the singular number only shall include the plural number and vice versa.

Words importing the masculine gender only shall include the feminine and neuter genders.

Words importing persons shall include individuals, partnerships, corporations, associations, joint ventures and any other business entities.

**Section 3**   **MEMBERS, JOINT MEMBERS, AFFILIATES AND CO-ASSUREDS**

**Membership**

**1**   Any insurance of a vessel provided to any party falling within the definition of Member in Rule 1.2 above shall give rise to membership in the Association, except where such is expressly excluded by the terms of this Rule 1.3 or where such has been denied through the exercise of a permitted discretion hereunder.

**CLASS I**

## RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

2  Any reinsurance by the Association of a vessel insured by another insurer may (at the absolute discretion of the Managers) give rise to the membership in the Association of that other insurer and/or of any party falling within the definition of Member in Rule 1.2 above in relation to that vessel.

3  Membership may be in respect of one or more of the vessels owned, operated, chartered or insured by the Member and shall continue until all of the Member's insurances shall have ceased or been terminated.

4  All insurances shall be governed by the By-Laws and by the Rules of the Association.

5  If any application for insurance of interest/s in the same vessel is made in the names or on behalf of more than one person, whether jointly or separately interested, then such persons may be treated as Joint Members and the insurance of such vessel as joint insurance, the consequences of which, unless otherwise expressly agreed by the Managers in writing, shall be as set out in Rules 1.3.13 to 18 below.

### Cover for Co-assureds and Affiliates

6  The Managers may agree, subject to the provisions of this Rule 1.3 and to such other terms as they may in their absolute discretion require, to extend the cover afforded by the Association to a Member to:

   i  any person who is affiliated to or associated with that Member (not being a Co-assured or an Affiliate as referred to in Rule 1.3.11), and who shall not be specifically named in the terms of entry; and

   ii  any other named co-assured.

7  The cover afforded to a Co-assured in categories (i), (ii) and (iii) below shall extend only to liabilities, losses, costs and expenses arising out of operations and/or activities customarily carried on by, or at the risk and responsibility of, shipowners:

   i  any person interested in the operation, management or manning of the insured vessel;

20

---

**CLASS I**

## RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

   ii  the holding company or the beneficial owner of the Member or of any Co-assured falling within category (i) above;

   iii  any mortgagee of the insured vessel.

8  Notwithstanding the provisions of Rule 1.4.30 below, the cover afforded to a Co-assured who is a time or voyage charterer of an insured vessel and who is affiliated to or associated with a Member (other than a Co-assured expressly given cover by the Association in accordance with Rule 1.3.10) shall extend only to the risks, liabilities, losses, costs and expenses in respect of which that Member has cover, and is limited as follows:

   to the lesser of either (a) the sum to which such Member shall be deemed to be entitled to limit his liability under Rule 1.4.30 plus an additional $50,000,000, or (b) $300,000,000; but if his liability is in respect of pollution, recovery shall be limited to $100,000,000.

   Provided that where a vessel is separately insured for charterers' risks by more than one time charterer with the Association or any other association which participates in the International Group of P&I Clubs' Pooling Agreement and Excess Reinsurance Policies, the aggregate recovery in respect of all claims for oil pollution liability following any one occurrence brought against all time charterers of such insured vessel and/or against the Association and/or against any other association shall be limited to $300,000,000. The liability of the Association in respect of such claims shall be limited to that proportion of $300,000,000 that each claim recoverable from the Association bears to the aggregate of the claims recoverable against the Association and such other associations.

9  The cover afforded to a Co-assured who has entered into a contract with the Member for the provision of services for or by the insured vessel, and any sub-contractor of the Co-assured, shall extend only to liabilities, losses, costs and expenses which are to be borne by the Member under the terms of the contract and which would, if borne by the Member, be recoverable by the Member from the Association, provided that:

21

CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

i    the contract has been expressly approved by the Managers; and

ii    the contract provides that each party shall be similarly responsible for any loss or damage to its own (or its sub-contractors') property or loss of life or personal injury to its own (or its sub-contractors') personnel.

10    The cover afforded to all other categories of Co-assureds, other than those referred to in Rules 1.3.7 to 9 inclusive, shall only extend insofar as such Co-assured may be found liable to pay in the first instance for loss or damage which is properly the responsibility of the Member, and nothing herein contained shall be construed as extending cover in respect of any amount which would not have been recoverable from the Association by the Member had the claim in respect of such loss or damage been made and enforced against him.

11    The cover afforded to an Affiliate shall extend only to claims made and enforced through the Affiliate in respect of any liabilities for which the Member has cover and nothing herein contained shall be construed as entitling an Affiliate to recover any amount which would not have been recoverable from the Association by the Member had the claim been made and enforced against the Member.

12    To the extent that the Association has indemnified a Co-assured or an Affiliate in respect of a claim, it shall not be under any further liability and shall not make any further payment to any person whatsoever, including the Member, in respect of that claim or of the loss or damage in respect of which that claim was brought.

**Joint Members, Co-assureds and Affiliates**

13    The Managers shall not be bound to issue any Certificate of Entry or Endorsement to more than one Member, delivery of which to whom shall be sufficient delivery to any and all Joint Members and to any and all Coassureds and Affiliates.

14    Joint Members, Co-assureds and Affiliates insured on any one insurance, or in respect of any fleet as defined in Rule 1.2 above, shall be jointly and severally liable for all sums due to the Association in respect of such insurance or such fleet.

22

CLASS I

**RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS**

15    Any payment by the Association to one Joint Member, Co-assured or Affiliate shall fully discharge the obligations of the Association in respect of such payment.

16    Any communication by the Association to one Joint Member, Co-assured or Affiliate shall be deemed to be communication to all.

17    Any communication from one Joint Member, Co-assured or Affiliate shall be deemed to have been made with the full approval and authority of all.

18    The conduct or omission of one Joint Member, Co-assured or Affiliate which under these Rules would constitute a breach of the contract of insurance, shall be deemed to be the conduct or omission of all Joint Members, Co-assureds and Affiliates.

**Section 4**

**GENERAL INSURANCE PROVISIONS**

**Application for Insurance**

1    Any applicant Member who desires to insure a vessel with the Association shall make application for such insurance in such form or manner as may from time to time be required, or which may otherwise satisfy, the Managers.

2    The particulars given by an applicant Member in any form of application, together with any other particulars or information given to the Managers in the course of applying for insurance, or negotiating changes in its terms, shall, if the insurance of the vessel be accepted, be deemed fundamental to the contract of insurance between the Member and the Association. It shall be a condition precedent of such insurance that all the said particulars and information were true so far as the applicant Member knew or could with reasonable diligence have ascertained.

3    The Managers shall be entitled, as a matter of their absolute discretion and without giving any reason, to refuse any application of a vessel for insurance in the Association whether or not the applicant Member of such vessel is already a Member of the Association.

23

CLASS I

# RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

38   Notwithstanding the foregoing, in no circumstances shall the Association be liable for the detention of an insured vessel or for any other detention or attachment of a Member's funds or assets, or for any damage whatsoever caused to a Member by reason of the provision or non-provision of security of whatever kind.

## Surveys of Vessels

39   The Managers may at any time in their absolute discretion appoint a surveyor or such other person as they may think fit to inspect an insured vessel on behalf of the Association. The Member shall afford such facilities as may be required for such inspection, and shall comply with such recommendations as the Managers may make following such inspection.

40   Unless and to the extent that the Directors in their absolute discretion otherwise decide, a Member who commits any breach of his obligations referred to in Rule 1.4.39 above shall not be entitled, in relation to any casualty, event or matter occurring during the period of the breach, to any recovery from the Association in respect of any claim arising out of such casualty, event or matter.

41   Moreover, in the event that a vessel shall, in the opinion of the Managers, have failed to pass survey, cover shall cease automatically with immediate effect without further notice. Cover may be reinstated subject to any special terms and conditions as the Managers may in their absolute discretion wish to impose. In the absence of such reinstatement, unless and to the extent that the Directors may in their absolute discretion otherwise decide, a Member shall not be entitled to any recovery from the Association for any claim of whatsoever nature and howsoever arising during the period in which such automatic cesser shall have taken effect.

## Disputes

42   If any difference or dispute shall arise between a Member and the Association concerning the construction of these Rules, or the insurance afforded by the Association under these Rules, or any amount due from the Association to the Member, such difference or dispute shall in the first instance be referred to and adjudicated

CLASS I

# RULE 1   INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

by the Directors. No Member shall be entitled to maintain any action, suit or other legal proceedings against the Association upon any such difference or dispute unless and until the same has been submitted to the Directors and they shall have given their decision thereon, or shall have been in default for three months in so doing. Any such suit against the Association shall be brought in the United States District Court for the Southern District of New York. In no event shall suit on any claim be maintainable against the Association unless commenced within two years after the loss, damage or expense resulting from liabilities, risks, events, occurrences and expenditures specified under this Rule shall have been paid by the Member.

43   Provided always that, and without prejudice to the foregoing or the terms of Rule 1.4.45 below, the Association shall be entitled to commence and maintain in any jurisdiction whatsoever any action to recover any amounts which the Association may consider to be due to it from the Member.

## Applicable Law

44   These Rules and any contract of insurance between the Association and a Member shall be governed by and construed in accordance with the law of the State of New York. This provision is not, in any way, to be construed as a waiver of any rights, claims or defenses available to the Association under any other Rule set forth herein, including, but not limited to, Rule 1.4.45.

## Maritime Lien

45   The Association shall have a lien on the insured vessel for all premium and all other sums of whatsoever nature due to it under these Rules or any applicable contract of insurance or otherwise. Such lien shall extend to other insured vessels which are part of a fleet as defined in Rule 1.2 and shall be in addition to, and in no way be construed as a waiver of, or amendment to, any other contractual or maritime lien which the Association may either expressly or impliedly possess in regard to the said insured vessel or vessels. Such lien shall apply notwithstanding that the cover of the Member in respect of any vessel insured by him with the Association may have ceased or been terminated.

CLASS I

## RULE 1    INTRODUCTORY: INTERPRETATION: MEMBERSHIP: GENERAL PROVISIONS

The Federal Maritime Lien Act, as codified at Sections 31341, et seq. of Title 46 of the United States Code, shall govern this Rule concerning the creation and enforcement of maritime liens.

Nothing herein shall prejudice or otherwise affect the right of the Association to take action and/or commence proceedings in any jurisdiction to enforce its right of lien on vessels or to otherwise obtain security by seizure, attachment or arrest of assets or to otherwise recover any amounts owed to the Association.

### Delegation

46   Whenever any power, duty or discretion is conferred or imposed upon the Managers by virtue of these Rules, such power, duty or discretion may, subject to any terms, conditions or restrictions contained in these Rules, be exercised by any one or more of the Managers or by any servant or agent of the Managers to whom the same shall have been sub-delegated.

47   Whenever any power, duty or discretion is stated in these Rules to be vested in the Directors, such power, duty or discretion shall be exercisable by the Directors unless the same shall have been delegated to any Committee of the Directors or to the Managers in accordance with the provisions as regards delegation contained in the By-Laws, in which event the power, duty or discretion may be exercised by any person to whom the same shall have been so delegated.

### Members and Successors Bound by Rules

48   All contracts of insurance effected by the Association shall, save and insofar as they contain any special terms inconsistent herewith, be deemed to incorporate and shall incorporate all the provisions of these Rules. A Member or other person by whom or on whose behalf an application is made for insurance or reinsurance by the Association shall be deemed to have agreed not only on his own behalf but also on behalf of his successors and each of them that both he and they will in every respect be subject to and bound by the provisions of these Rules and by any contract of insurance with the Association.

CLASS I

## RULE 2    RISKS AND LOSSES COVERED

Each Member of the Association shall be indemnified in connection with each vessel entered in the Association for Protection and Indemnity Insurance against any loss, damage or expense which the Member shall become liable to pay and shall pay by reason of the fact that the Member is the owner (or operator, manager, charterer, mortgagee, trustee, receiver or agent, as the case may be) of the insured vessel, subject to the provisions of these Rules and to all the limitations herein stated or agreed to by the acceptance of the application for membership, or by the entry of the vessel, in the Association, and which shall result from the following liabilities, risks, events, occurrences and expenditures; provided that such liabilities, risks, events, occurrences and expenditures arise in respect of the Member's interest in such vessel; and in connection with the operation of such vessel by or on behalf of the Member; and out of events occurring during the period of entry of such vessel.

### LOSS OF LIFE, INJURY AND ILLNESS

A    Liability for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any person, (other than the persons specified in paragraphs B, C and D of this Section) and hospital, medical or funeral expenses incurred in relation to such injury, illness or death.

B    Liability for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any seaman and hospital, medical or funeral expenses incurred in relation to such injury, illness or death.

Section 1

1    Liability hereunder shall include liability arising ashore or afloat.

2    For the purposes of this Rule 2, Section 1, B a seaman shall be defined as an employee of the Member:

   a    who is the master or a member of the crew of the insured vessel; or

   b    who is on board the insured vessel with the intention of becoming a member of her crew; or

36

37

**CLASS I**    RULE 4    ASSOCIATION FUNDING: PREMIUMS AND CALLS

Member's liability to pay such Overspill Call or Calls as may be levied by the Association in accordance with this Rule.

### Closing of Policy Years

15 Subject always to the provisions of Rule 4.14 above, with effect from such date as the Directors in their absolute discretion may determine after the end of each policy year, but no sooner than thirty-six months from its commencement, they may declare that policy year closed for the purpose of levying mutual premium, after which no further mutual premium or premium to release shall be levied in respect thereof.

16 The Directors may declare any policy year closed for the purpose of levying mutual premium or premium to release notwithstanding that it is known or anticipated that there are in existence, or may in the future arise, legal costs, charges or disbursements recoverable in respect of such policy year which have not yet accrued or the validity, extent or amount of which have yet to be established.

---

**CLASS I**    RULE 5    CESSER AND TERMINATION OF COVER



**Section 1**

1 Unless otherwise agreed by the Managers in writing, any insurance in respect of a Member's interest in an insured vessel shall cease upon the happening of any of the following events:

a  the Member parting with or assigning his interest in the vessel whether by bill of sale or other formal document or in any other way whatsoever, the Association to allow a pro-rata daily return of premium for the unexpired term of the insurance with respect to said vessel;

b  the vessel becoming an actual total loss, except with respect to the liabilities, costs and expenses resulting directly from the casualty which has given rise to such actual total loss;

c  in the case of an alleged constructive total loss of the vessel, the acceptance by hull underwriters of notice of abandonment, the tendering of which must be immediately notified to the Association in writing;

d  the vessel being missing for ten days from the date it was last heard from or from its being posted at Lloyd's as missing, whichever shall be the earlier.

e  a Member being in breach of any of the conditions set out in Rule 1.4.14 above and as provided for thereunder;

f  an insured vessel having failed to pass survey in accordance with the provisions of Rule 1.4.39 to 41 inclusive and as provided for thereunder.

2 Should the Member fail to pay, either in whole or in part, any amount due from the Member to the Association (including any amount for which the Member may be jointly and severally liable to the Association), the Managers may give the Member notice in writing requiring the Member to pay such amount by any date specified in such notice, not being less than five days from the date on which such notice is given. In the event that the Member fails to make payment in full on or before the date so specified, the insurance of the Member (whether or not such insurance may already have ceased for any other reason) in respect of any and all vessels insured for account or on behalf of the Member shall be terminated immediately without further notice or other formality.

In the event that a Member's insurance is terminated by reason of the foregoing, the time of the occurrence of which being hereinafter referred to as "the date of termination", the following consequences shall ensue:

a  The Association shall in all cases have power in accordance with Rule 4.7 to 9 inclusive to charge premium to release in regard to any and all vessels insured for account or on behalf of the Member, notwithstanding the payment of which (or the establishment of bank guarantees or other security in lieu thereof), the Member shall be and remain liable for Overspill Calls in accordance with Rule 4.14 as well as for all premiums, calls, contributions and any other amount due from the Member to the Association;

b  The Association shall with effect from the date of termination cease to be liable for any claims of whatsoever nature and howsoever arising under these Rules in respect of any and all vessels in relation to which the insurance of the Member has been terminated, irrespective of whether:

i  such claims have arisen by reason of any event which has occurred at any time prior to the date of termination, including during previous years;

ii  such claims arise by reason of any event occurring after the date of termination;

iii  the Association may have admitted liability for or appointed attorneys, surveyors or any other person to deal with such claims; or

iv  the Association at the date of or prior to the date of termination knew that such claims might or would arise;

and as from the date of termination any liability of the Association for such claims shall cease retroactively and the Association shall be under no liability to the Member for any such claims or on any account whatsoever;

PROVIDED ALWAYS that:

The Association may in its absolute discretion and upon such terms as it thinks fit, including but not limited to terms as to payment

78

RULE 5    CESSER AND TERMINATION OF COVER

of contributions, premiums or other sums, admit either in whole or in part any claim in respect of a vessel insured by the Member for which this Association is under no liability by virtue of this Rule, whether such claim has arisen before or arises after the date of termination as the case may be, or forgive wholly or partly any payment of contribution, premiums or other sums due to the Association.

3  Should the Member or any affiliated company become insolvent or bankrupt or assign its property for the benefit of creditors or suffer the appointment of a receiver for its property or any part thereof or the institution of dissolution proceedings by or against it, the Association shall not be liable for any claims whatsoever under this insurance unless, within sixty days from the date of the occurrence of such insolvency, bankruptcy, assignment, receivership or dissolution proceedings, there are paid to the Association by or on behalf of the Member all premiums and/or assessments due, and the payment of any premiums to become due and all possible assessments is unconditionally guaranteed by a responsible surety, and unless the Member shall have paid the loss, damage or expense for which it is claiming out of monies belonging to it absolutely and not by way of loan or otherwise.

4  In the event that Sections 182 to 189, both inclusive, of U.S. Code, Title 46, or any other existing law or laws determining or limiting liability of shipowners and carriers, or any of them, shall, while this policy is in force, be modified, amended or repealed, or the liabilities of shipowners or carriers be increased in any respect by legislative enactment, the Association shall have the right to cancel said insurance upon giving thirty days written notice of its intention to so do, and in the event of such cancellation, make a return of premium upon a prorata daily basis.

5  Any contract of insurance in respect of a Member's interest in an insured vessel may be terminated:

by the Member only as of Noon GMT on February 20th of any year with not less than thirty days' prior written notice to the Association; and

by the Association at any time with not less than thirty days' prior written notice to the Member.

79

# EXHIBIT C

| LAND-OIL TRADING (PTE) LTD. | | | |
|---|---|---|---|
| | **BONVOY III** | **BONVOY VII** | **TOTAL** |
| RELEASE CALL -- POLICY YEAR 2004 | 12,624.32 | 12,788.96 | 25,413.28 |
| RELEASE CALL -- POLICY YEAR 2005 | 13,886.74 | 11,948.05 | 25,834.79 |
| RELEASE CALL -- POLICY YEAR 2006 | 13,567.62 | | 13,567.62 |
| | 40,078.68 | 24,737.01 | 64,815.69 |
| | | | |

American Steamship Owners Mutual Protection & Indemnity Association, Inc.



Shipowners Claims Bureau, Inc., Manager
One Battery Park Plaza – 31st Floor
New York, New York 10004
U.S.A.

Tel: +1 212-847-4500
Fax: +1 212-847-4599

Tyser & Co
12-20 Camomile Street
London EC3A 7PJ
England

**Date:**     16 Mar 2007

**Invoice No:**     56581

**For the Account of:** Land-Oil Trading (Pte) Ltd.
**Our Reference:** 445

### PREMIUM TO RELEASE MEMBER FROM LIABILITY TO
### PAY FUTURE SUPPLEMENTARY CALLS
### IN RESPECT OF THE POLICY YEAR 2004
### CLASS P&I
### 25.000 % OF ADVANCE PREMIUM

| Vessel | (Risk No) | Advance Premium | Release Premium |
|--------|-----------|-----------------|-----------------|
| BONVOY III | (25804) | 50,497.29 | 12,624.32 |

| Total Amount Due | USD | 12,624.32 |
|------------------|-----|-----------|

| Due Dates | | Amount |
|-----------|-----|-----------|
| 16 Mar 2007 | USD | 12,624.32 |

| Additional Details: |
|---------------------|
| Release call of 25% of advance call for 2004 policy year. |

Wire/telegraphic transfers to the American Club should be made to its account at:
Deutsche Bank Trust Company Americas, New York, New York, U.S.A.
Depending upon the origin of funds, one of the following bank codes should be used:
Wire transfers made through a bank within the U.S.: ABA: 021-001-033
Wire transfers made through a bank outside the U.S.: SWIFT: BKTRUS33 or CHIPS: 0103
In both cases, funds should be indicated as being for the credit of:
Account Name: American Steamship Owners P&I Assn. Inc.
Account Number: 00-700-269

American Steamship Owners Mutual Protection & Indemnity Association, Inc.



*Shipowners Claims Bureau, Inc., Manager*
*One Battery Park Plaza – 31ˢᵗ Floor*
*New York, New York 10004*
*U.S.A.*

Tel:  +1 212-847-4500
Fax:  +1 212-847-4599

Tyser & Co
12-20 Camomile Street
London EC3A 7PJ
England

**Date:**      16 Mar 2007

**Invoice No:**      56579

**For the Account of:**   Land-Oil Trading (Pte) Ltd.
**Our Reference:**   445

### PREMIUM TO RELEASE MEMBER FROM LIABILITY TO
### PAY FUTURE SUPPLEMENTARY CALLS
### IN RESPECT OF THE POLICY YEAR 2005
### CLASS P&I
### 25.000 % OF ADVANCE PREMIUM

| Vessel | (Risk No) | Advance Premium | Release Premium |
|---|---|---|---|
| BONVOY III | (34386) | 55,546.97 | 13,886.74 |

| Total Amount Due | USD | 13,886.74 |
|---|---|---|

| Due Dates | | Amount |
|---|---|---|
| 16 Mar 2007 | USD | 13,886.74 |

| Additional Details: |
|---|
| Release call of 25% of advance call for 2005 policy year. |

Wire/telegraphic transfers to the American Club should be made to its account at:
Deutsche Bank Trust Company Americas, New York, New York, U.S.A.
Depending upon the origin of funds, one of the following bank codes should be used:
Wire transfers made through a bank within the U.S.: ABA: 021-001-033
Wire transfers made through a bank outside the U.S.: SWIFT: BKTRUS33 or CHIPS: 0103
In both cases, funds should be indicated as being for the credit of:
Account Name:  American Steamship Owners P&I Assn. Inc.
Account Number:  00-700-269

American Steamship Owners Mutual Protection & Indemnity Association, Inc.



Shipowners Claims Bureau, Inc., Manager    Tel:  +1 212-847-4500
One Battery Park Plaza – 31st Floor        Fax: +1 212-847-4599
New York, New York 10004
U.S.A.

Tyser & Co                                        **Date:**        16 Mar 2007
12-20 Camomile Street
London EC3A 7PJ
England

                                                  **Invoice No:**    56577

**For the Account of:** Land-Oil Trading (Pte) Ltd.
**Our Reference:**   445

### PREMIUM TO RELEASE MEMBER FROM LIABILITY TO
### PAY FUTURE SUPPLEMENTARY CALLS
### IN RESPECT OF THE POLICY YEAR 2006
### CLASS P&I
### 25.000 % OF ADVANCE PREMIUM

| Vessel | (Risk No) | Advance Premium | Release Premium |
|--------|-----------|-----------------|-----------------|
| BONVOY III | (44998) | 54,270.48 | 13,567.62 |

| Total Amount Due | USD | 13,567.62 |
|------------------|-----|-----------|

| Due Dates | | Amount |
|-----------|-----|--------|
| 16 Mar 2007 | USD | 13,567.62 |

| Additional Details: |
|---------------------|
| Release call of 25% of advance call for 2006 policy year. |

Wire/telegraphic transfers to the American Club should be made to its account at:
Deutsche Bank Trust Company Americas, New York, New York, U.S.A.
Depending upon the origin of funds, one of the following bank codes should be used:
Wire transfers made through a bank within the U.S.: ABA: 021-001-033
Wire transfers made through a bank outside the U.S.: SWIFT: BKTRUS33 or CHIPS: 0103
In both cases, funds should be indicated as being for the credit of:
Account Name: American Steamship Owners P&I Assn. Inc.
Account Number: 00-700-269

American Steamship Owners Mutual Protection & Indemnity Association, Inc.



Shipowners Claims Bureau, Inc., Manager       Tel:  +1 212-847-4500
One Battery Park Plaza – 31st Floor           Fax:  +1 212-847-4599
New York, New York 10004
U.S.A.

Tyser & Co                                    **Date:**        16 Mar 2007
12-20 Camomile Street
London EC3A 7PJ
England

                                              **Invoice No:**    56580

**For the Account of:**  Land-Oil Trading (Pte) Ltd.
**Our Reference:**       445

### PREMIUM TO RELEASE MEMBER FROM LIABILITY TO
### PAY FUTURE SUPPLEMENTARY CALLS
### IN RESPECT OF THE POLICY YEAR 2004
### CLASS P&I
### 25.000 % OF ADVANCE PREMIUM

| Vessel | (Risk No) | Advance Premium | Release Premium |
|--------|-----------|-----------------|-----------------|
| BONVOY VII | (25805) | 51,155.82 | 12,788.96 |

| Total Amount Due | USD | 12,788.96 |
|------------------|-----|-----------|

| Due Dates | | Amount |
|-----------|-----|--------|
| 16 Mar 2007 | USD | 12,788.96 |

| Additional Details: |
|---------------------|
| Release call of 25% of advance call for 2004 policy year. |

Wire/telegraphic transfers to the American Club should be made to its account at:
Deutsche Bank Trust Company Americas, New York, New York, U.S.A.
Depending upon the origin of funds, one of the following bank codes should be used:
Wire transfers made through a bank within the U.S.: ABA: 021-001-033
Wire transfers made through a bank outside the U.S.: SWIFT: BKTRUS33 or CHIPS: 0103
In both cases, funds should be indicated as being for the credit of:
Account Name: American Steamship Owners P&I Assn. Inc.
Account Number: 00-700-269

American Steamship Owners Mutual Protection & Indemnity Association, Inc.

 *Shipowners Claims Bureau, Inc., Manager*
*One Battery Park Plaza – 31st Floor*
*New York, New York 10004*
*U.S.A.*

Tel: +1 212-847-4500
Fax: +1 212-847-4599

Tyser & Co
12-20 Camomile Street
London EC3A 7PJ
England

**Date:** 16 Mar 2007

**Invoice No:** 56578

**For the Account of:** Land-Oil Trading (Pte) Ltd.
**Our Reference:** 445

**PREMIUM TO RELEASE MEMBER FROM LIABILITY TO
PAY FUTURE SUPPLEMENTARY CALLS
IN RESPECT OF THE POLICY YEAR 2005
CLASS P&I
25.000 % OF ADVANCE PREMIUM**

| Vessel | (Risk No) | Advance Premium | Release Premium |
|---|---|---|---|
| BONVOY VII | (34387) | 47,792.19 | 11,948.05 |

| Total Amount Due | USD | 11,948.05 |
|---|---|---|

| Due Dates | | Amount |
|---|---|---|
| 16 Mar 2007 | USD | 11,948.05 |

| Additional Details: |
|---|
| Release call of 25% of advance call for 2005 policy year. |

Wire/telegraphic transfers to the American Club should be made to its account at:
Deutsche Bank Trust Company Americas, New York, New York, U.S.A.
Depending upon the origin of funds, one of the following bank codes should be used:
Wire transfers made through a bank within the U.S.: ABA: 021-001-033
Wire transfers made through a bank outside the U.S.: SWIFT: BKTRUS33 or CHIPS: 0103
In both cases, funds should be indicated as being for the credit of:
Account Name: American Steamship Owners P&I Assn. Inc.
Account Number: 00-700-269